UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GLOBAL REINSURANCE
CORPORATION—U.S. BRANCH,

                    Plaintiff,

             -against-

ARGONAUT INSURANCE CO.,
                    Defendant.
-----------------------------------------------------------x
-----------------------------------------------------------x
GLOBAL REINSURANCE
CORPORATION—U.S. BRANCH,

                    Plaintiff,

             -against-

ARGONAUT INSURANCE CO.,

                    Defendant.
-----------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/08

07 Civ. 8196 (PKC)

FURTHER
MEMORANDUM AND ORDER
ON SEALED SUBMISSIONS

07 Civ. 8350 (PKC)

P. KEVIN CASTEL, District Judge:

       Global Reinsurance Corporation-US Branch ("GlobalRe") obtained ex parte orders from the judge presiding in Part I permitting it to file under seal two petitions to confirm arbitration awards against Argonaut Insurance Company ("Argonaut"). GlobalRe's passion for secrecy extended to the identities of the parties, the docket sheets and the content of a pro hac vice application.

       I sua sponte issued a Memorandum and Order requiring the parties to demonstrate why any filings on these petitions ought to remain under seal. ABC v.

DEF, 07 Civ. 8196 (PKC) and ABC v. XYZ, 07 Civ. 8350 (PKC) (S.D.N.Y. Nov. 28, 2007). GlobalRe now retreats form its original position and asserts that it only seeks to continue under seal the decretal portions of the arbitration awards and such documents as quote from or disclose the content of those portions of the awards. (GlobalRe Mem. at 2.)

"[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)( "Amodeo I "). "[T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process." Id. But the notion that an arbitration award, itself, is not a judicial document is not well supported. In this Circuit, a petition to confirm an arbitration award generally may not be granted on default. D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006)("default judgments in confirmation/vacatur proceedings are generally inappropriate.") Instead, the district court should consider the merits of the petition on the basis of the record that includes the arbitration award. Id. "A motion to confirm or vacate an award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself, that may resolve many of the merits or at least command judicial deference. When a court has before it such a record, rather than only the allegations of one party found in complaints, the judgment the court enters should be based on the record." Id. Thus, even in the absence of an appearance by a respondent, the district court is required to consider the arbitration award in determining whether it should be confirmed.

True, there is a "liberal federal policy favoring arbitration agreements. . . ." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002) (quoting Moses H. Cone Memorial Hospital v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).) It is also true that "the common law right of public access to judicial documents is firmly rooted in our nation's history." Lugosch v. PyramidCo. of Onondaga 435 F.3d at 119 (citing Amodeo I, 44 F.3d at 145.) Arbitration remains a species of contract and, in the absence of some governing principle of law (e.g. in the regulatory requirements), parties are permitted to keep their private undertakings from the prying eyes of others. The circumstance changes when a party seeks to enforce in federal court the fruits of their private agreement to arbitrate, i.e. the arbitration award.

Having concluded that the arbitration awards became judicial documents when submitted to this Court on a petition to confirm and the presumption of access attaches to them, this court must next "'balance competing considerations against [the presumption of access].'. . . . Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure'." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d at 120 (citations omitted).

The public interest in the relationship between an insurer and its reinsurers is relatively low. An insurer may reduce its own exposure on a risk by off-loading a portion of a risk to one or more reinsurers. Generally speaking, the policy holder remains in privity with the insurer with whom the holder has entered into a contract of insurance and is oblivious to the existence of reinsurance arrangements between the insurer and reinsurers. The reinsurance agreements are often referred to as retrocessional contracts. Global Re makes the valid point that "very confidential information about projections of past, current and future liabilities as

well as privileged claim information" is exchanged between the parties to a retrocessional contract and that such information ought not be made part of the public record. (Keogh Decl.) But GlobalRe has not make a strong showing of the relationship between such information and its proposed redactions to the awards. Nevertheless, I conclude that disclosure of the decretal portions of the awards does present the risk that it will impair GlobalRe's negotiating position with other reinsurers and that such interest outweigh the public's right of access. Because it is a close question, I reserve the right to revisit the issue.

Conclusion

The Clerk is directed to unseal the dockets in these cases and to have the dockets reflect the true identities of the petitioners and respondents. The previously sealed documents shall remain under seal and petitioners are directed to file within ten days redacted versions in the form previously submitted to this Court.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       January 4, 2008