Redacted Version

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV 8196**

---

In the Matter of the
Arbitration Between

GLOBAL Reinsurance Corporation
- U.S. Branch,

        Petitioner,

- against -

Argonaut Insurance Company,

        Respondent

:  Docket No. _____
:
:
:
:
:  VERIFIED PETITION TO CONFIRM
:  ARBITRATION AWARD
:
:
:
:
:
:
:  SEP 1 9 2007
:
:  U.S.D.C. S.D. N.Y.
:  CASHIERS

---

    Petitioner GLOBAL Reinsurance Corporation - U.S. Branch ("Global"), by and through its attorneys, Budd Larner, P. C., alleges as follows:

### Nature of the Petition

    1.   This is a Petition pursuant to 9 U.S.C. §§9 and 201-203 to confirm a reinsurance arbitration award issued on 27 June 2007 (the "June 27, 2007 Award") between the parties.  As the parties have recently had several arbitrations, they have commonly referred to this arbitration as the "XOL Arbitration."

### The Parties, Jurisdiction and Venue

    2.   Global is a branch of a foreign reinsurance company organized and existing under the laws of Germany, with its principal place of business in Cologne, Germany.  It is

authorized to write certain insurance and reinsurance in New York, and it maintains a place of business in New York, New York.

3. Upon information and belief, respondent Argonaut Insurance Company ("Argonaut") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois.

4. The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 9 U.S.C. §201-203. The arbitration agreements at issue are contained in retrocessional reinsurance contracts between Global and Argonaut. Those contracts constitute commercial agreements between a citizen of a foreign country and a citizen of the United States. The foreign country, Germany, and the United States are signatories to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §201 *et seq.*

5. In addition, the Court has subject matter jurisdiction over this matter based on alienage pursuant to 28 U.S.C. §1332. This proceeding ancillary to the XOL arbitration is between a citizen of a certain state, Argonaut, as a citizen of Illinois, and Global, a foreign corporation, and the amount in controversy in this action exceeds the sum of $75,000.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) and 9 U.S.C. §204, because the contracts between

Global and Argonaut provide for the arbitration to take place in New York, New York, and although the parties mutually agreed to re-locate the arbitration to New Jersey, a substantial part of the events giving rise to the claim occurred in this district. Additionally, venue is proper under 28 U.S.C. §1391 (c) as Argonaut is subject to service of process in this district.

Factual Background

A.  The Retrocessional Contracts and Arbitration Clauses

    7.   Reinsurance enables an insurance company to insure its liability under insurance policies that it issues to its insureds. In reinsurance, the insurer (often referred to in this context as the "cedent") transfers a portion of its liability to a reinsurer.

    8.   A retrocessional contract is reinsurance that reinsurers a reinsurer. The reinsurer in this context is sometimes referred to as the "retrocessionaire."

    9.   Global and Argonaut entered into several retrocessional contracts (the "Contracts"), under which Argonaut, as the retrocessionaire, provides certain reinsurance coverage to Global. Specifically the contracts at issue here are: (1) Excess of Loss Reinsurance Contract No. 4034, effective January 1, 1972 through December 31, 1975; (2) First Excess of Loss Facultative Casualty Contract No. 4603, effective January 1, 1966 though December 31, 1975; (3) Fourth Casualty Excess of

Loss Contract No. 4908, effective January 1, 1971 through December 31, 1975; (4) Second Excess Facultative and Treaty Casualty Excess of Loss (Clash Treaty) No. 4777, effective January 1, 1973 through December 31, 1975; and (5) Clash Treaty No. 4753, effective October 1, 1970 through December 31, 1975. Copies of these Contracts are attached to the Declaration of Ivan V. Miletic dated September 18, 2007 ("Miletic Decl.") as Exhibits A through E, respectively, and are incorporated herein.

10. Each of the Contracts contain an arbitration clause that provides in part as follows:

> A. Any dispute or difference hereafter arising with reference to the interpretation, application or effect of this Reinsurance Agreement or any part thereof, whether arising before or after termination of the Reinsurance Agreement shall be referred to a Board of Arbitration consisting of two (2) arbitrators and an umpire, who shall be active or retired officers of Insurance or Reinsurance Companies. The seat of the Board of Arbitration shall be in New York unless the disputants agree otherwise."

Miletic Decl., Exh. A at Article IX; Exh. B at Article XIV; Exh. C at Article XIV; Exh. D at Article XV; and Exh. E at Article XV.

11. Under the Contracts, all disputes are required to be resolved by arbitration before a three-member Board of Arbitration (also referred to herein as the "Panel"), with each party designating an arbitrator and the two arbitrators

4

selecting an umpire. Miletic Decl., Exh. A at Article IX.B; Exh. B at Article XIV(b); Exh. C at Article XIV(b); Exh. D at Article XV(b); and Exh. E at Article XV(b).

12. The Contracts further provide that the Panel shall interpret the Contracts as honorable engagements and that the award shall be final:

> The Board shall interpret this Reinsurance Agreement as an honorable engagement rather than as a merely technical legal obligation and shall make its award with a view to effecting the general purpose of this Reinsurance Agreement in a reasonable manner, rather than in accordance with the literal interpretation of the language. It shall be relieved from all judicial formalities and may abstain from following the strict rules of law. The decision in writing of the Board or a majority of the Board rendered at the earliest convenient date shall be final and binding upon all parties.

Miletic Decl., Exh. A at Article IX.D; Exh. B at Article XIV(d); Exh. C at Article XIV(d); Exh. D at Article XV(d); and Exh. E at Article XV(d).

13. The Contracts also have an Honorable Undertaking clause in them: "This Agreement shall be construed as an honorable undertaking between the parties hereto not to be defeated by technical legal construction, it being the intention of this Agreement that the fortunes of the Reinsurer [Argonaut] shall follow the fortunes of the Company [Global]." Miletic Decl., Exh. B at Article XV; Exh. C at Article XV; Exh. D at Article XVI; and Exh. E at Article XVI.

5

B.  <u>The June 27, 2007 XOL Award</u>

14.  By letters dated December 30, 2004 and January 10, 2005, Global demanded arbitration against Argonaut of "all disputed issues relating to [Global's] claims for payments of outstanding retrocessional balances owed to it by Argonaut in connection with [Global's] commutations with its cedents, the American International Group Companies ("AIG") and Home Insurance Company ("Home")." By E-mail dated December 31, 2004, Global also included in its arbitration demand all "balances owed with respect to the CNA commutation." Copies of these demands are attached cumulatively as Exhibit F to the Miletic Declaration. The parties later agreed to transfer to this "XOL Arbitration" certain balances that had been the subject of another, then pending arbitration between the parties.

15.  The arbitration proceeded before a three-member panel (the "Arbitration Panel") comprised of Thomas M. Daly and Richard L. White, as the party-appointed arbitrators for Argonaut and Global, respectively, and Edmond F. Rondepierre, as the Umpire. The arbitration was conducted pursuant to a Confidentiality Order issued by the Arbitration Panel, which remains in effect. A copy of the Confidentiality Order is attached to the Miletic Declaration as Exhibit G.

6

16. Following discovery, the parties submitted pre-hearing briefs and attended a five-day arbitration hearing, from June 18, 2007 to June 22, 2007.

17. The Panel issued its Award on June 27, 2007, which provides as follows:

**REDACTED**

**REDACTED**

A copy of the Award is attached to the Miletic Declaration as Exhibit H.

18. Following the Award, Argonaut requested and the Arbitration Panel granted an extension of time in which to notify the Panel and Global whether Argonaut exercised the election set forth in Paragraph 7 of the Award.

19. By E-mail dated July 27, 2007, Argonaut elected to pay the amount set forth in Paragraph 7 for commutation balances, thereby nullifying the alternative relief set forth in paragraphs 1, 2, 5 and 6 of the Award. See Exh. I to the

Miletic Decl., E-mail dated July 27, 2007 from Argonaut's counsel.

### Count I

20. Global incorporates each of the allegations contained in paragraphs 1 through 19 of this Petition.

21. No motion has been made to vacate, modify, or correct the June 27, 2007 Award.

22. Global is entitled to confirmation of the June 27, 2007 Award pursuant to the Federal Arbitration Act, 9 U.S.C. §1 et seq. and 9 U.S.C. §§201 et seq.

WHEREFORE, Global requests that the Petition be granted in all respects, and that the Court issue a judgment confirming the Award and granting Global such other and further relief as is just and proper.

Dated:   Short Hills, New Jersey
         September 19, 2007

>                    BUDD LARNER, P.C.
>                    150 John F. Kennedy Parkway
>                    Short Hills, New Jersey 07078
>                    (973) 379-4800
>                    Attorneys for Petitioner
>                      GLOBAL Reinsurance
>                      Corporation - U.S. Branch
>
>                    BY: _/s/ Ivan V. Miletic (NM)_
>                        Joseph J. Schiavone (JS 7303)
>                        Jeffrey S. Leonard (JL 5931)
>                        Ivan V. Miletic (IM 9922)

649226w

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In the Matter of the Arbitration    : Docket No. _____
Between:                             :
                                     :
 GLOBAL Reinsurance Corporation      :
 - U.S. Branch,                      :
                                     :
      Petitioner/Respondent          :
                                     :
                                     :
 - against -                         :
                                     :
 Argonaut Insurance Company          :
                                     :
      Respondent                     :
                                     :

---

### VERIFIED PETITION TO CONFIRM ARBITRATION AWARD

---

BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
(973) 379-4800
Attorneys for Petitioner GLOBAL Reinsurance Corporation
- U.S. Branch