07 CIV 8196

Redacted Version

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Arbitration Between:<br><br>GLOBAL Reinsurance Corporation - U.S. Branch,<br><br>Petitioner/Respondent<br><br>-against-<br><br>ARGONAUT INSURANCE COMPANY,<br><br>Respondent. | Docket No. _____ |

SEP 19 2007
U.S.D.C. S.D. N.Y.
CASHIERS

# MEMORANDUM OF LAW IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD AND MOTION TO SEAL

BUDD LARNER, P.C.
140 Broadway, 46TH Floor
New York, New York 10005
(212) 946-2798

- and -

150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
(973) 379-4800

On the Brief:
Joseph J. Schiavone (JS 7303)
Jeffrey S. Leonard (JL 5931)
Ivan V. Miletic (IM 9922)

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................ ii

PRELIMINARY STATEMENT ........................................ 1

The Parties, Jurisdiction and Venue ........................................ 2

Factual Background ........................................ 4

A. The Retrocessional Contracts and Arbitration Clauses ... 4

B. The June 27, 2007 XOL Award ........................................ 6

ARGUMENT ........................................ 10

POINT I ........................................ 10

THE FINAL AWARD SHOULD BE CONFIRMED ........................................ 10

POINT II ........................................ 10

THE RECORD IN THIS PROCEEDING SHOULD BE SEALED ........................................ 10

A. The Parties and Arbitration Panel Relied on the Confidential Nature Of Arbitration Information ........ 10

B. The Public Has No Interest In These Proceedings, and Global Would Be Harmed by Disclosure of Arbitration Information ........................................ 12

C. The Panel's Decision to Order that the Arbitration Be Confidential Should Be Implemented by the Court .... 13

CONCLUSION ........................................ 14

# TABLE OF AUTHORITIES

Page

## Cases

Dirussa v. Dean Witter Reynolds Inc., 121 F.2d 818 (2d Cir. 1997) .......... 13

Duferco Intern. Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383 (2d Cir., 2003) .......... 12

Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgt., Inc., 2005 WL 1522783 (E.D.N.Y. 2005) .......... 14

Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgt., Inc., 2005 WL 1522783 (E.D.N.Y. June 28, 2005) .......... 12

Gambale v. Deutsche Bank AG 377 F.3d 133 (2d Cir. 2004) ...... 12

## Statutes

9 U.S.C. §9 .......... 10
9 U.S.C. §201 .......... 3
9 U.S.C §201-203 .......... 1, 2
9 U.S.C. §204 .......... 3
28 U.S.C. §1331 .......... 2
28 U.S.C. §1332 .......... 3
28 U.S.C. §1391(b)(2) .......... 3
28 U.S.C. §1391(c) .......... 3

**PRELIMINARY STATEMENT**

This is a Petition pursuant to the New York Convention of the Federal Arbitration Act, 9 U.S.C §201-203, to confirm a reinsurance arbitration award issued on 27 June 2007 (the "June 27, 2007 Award") between Petitioner GLOBAL Reinsurance Corporation - U.S. Branch ("Global") and Respondent Argonaut Reinsurance Company ("Argonaut"). As the parties have recently had several arbitrations, they have commonly referred to this arbitration as the "XOL" Arbitration." Global, a foreign reinsurer, and Argonaut, its retrocessionaire, are parties to various retrocessional reinsurance contracts under which Argonaut reinsures Global. The contracts contain a broad arbitration clause. Global commenced an arbitration to recover amounts due under the contracts. The arbitration related, in part, to commutations that Global entered into with three of its cedents, the AIG Companies, Home Insurance Company and the CNA Companies. Following discovery and a five-day hearing, the duly constituted arbitration panel ("Arbitration Panel") issued a Final Award. No motion to vacate or modify the Final Award has been served, and Global is entitled to a judgment confirming the Award under the New York Convention.

Good cause to seal the record exists for two reasons. First, the underlying reinsurance arbitration was conducted pursuant to a Confidentiality Order issued by the Arbitration

Panel, which remains in effect. See Declaration of Ivan V. Miletic dated September 18, 2007 ("Miletic Decl."), Exhibit G at ¶2. That Order provides that all information and documents generated or produced in the arbitration are confidential, and requires that, subject to court approval, any disclosures of such information or documents to a court be sealed. Id. at ¶3. Indeed, the parties are obligated to cooperate in resisting disclosure of arbitration-related materials. Id.

Second, the public has no legitimate or real interest in the confidential arbitration documents and, as shown below, Global would be harmed if the arbitration documents and information were to be disclosed.

The Parties, Jurisdiction and Venue

Global is a U.S. branch of a foreign reinsurance company organized and existing under the laws of Germany, with its principal place of business in Cologne, Germany. It is authorized to write certain insurance and reinsurance in New York, and it maintains a place of business in New York, New York.

Upon information and belief, Argonaut is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois.

The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 9 U.S.C. §201-203. The

arbitration agreements at issue are contained in retrocessional reinsurance contracts between Global and Argonaut. Those contracts constitute commercial agreements between a citizen of a foreign country and a citizen of the United States. The foreign country, Germany, and the United States are signatories to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §201 *et seq.*

In addition, the Court has subject matter jurisdiction over this matter based on alienage pursuant to 28 U.S.C. §1332. This proceeding ancillary to the XOL Arbitration is between a citizen of a certain state, Argonaut, as a citizen of Illinois, and Global, a foreign corporation, and the amount in controversy in this action exceeds the sum of $75,000.

Venue is proper in this district pursuant to 28 U.S.C. §1391 (b)(2) and 9 U.S.C. §204, because the contracts between Global and Argonaut provide for the arbitration to take place in New York, New York, and although the parties mutually agreed to re-locate the arbitration to New Jersey, a substantial part of the events giving rise to the claim occurred in this district. In addition, venue is proper under 28 U.S.C. §1391(c), because Argonaut is subject to service of process in this district.

## Factual Background

### A. The Retrocessional Contracts and Arbitration Clauses

Reinsurance enables an insurance company to insure its liability under insurance policies that it issues to its insureds. In reinsurance, the insurer (often referred to in this context as the "cedent") transfers a portion of its liability to a reinsurer. A retrocessional contract is reinsurance that reinsurers a reinsurer. The reinsurer in this context is sometimes referred to as the "retrocessionaire."

Global and Argonaut entered into several retrocessional contracts (the "Contracts"), under which Argonaut, as the retrocessionaire, provides certain reinsurance coverage to Global. Specifically, the contracts at issue here are: (1) Excess of Loss Reinsurance Contract No. 4034, effective January 1, 1972 through December 31, 1975; (2) First Excess of Loss Facultative Casualty Contract No. 4603, effective January 1, 1966 though December 31, 1975; (3) Fourth Casualty Excess of Loss Contract No. 4908, effective January 1, 1971 through December 31, 1975; (4) Second Excess Facultative and Treaty Casualty Excess of Loss (Clash Treaty) No. 4777, effective January 1, 1973 through December 31, 1975; and (5) Clash Treaty No. 4753, effective October 1, 1970 through December 31, 1975. Copies of these Contracts are attached to the Miletic Decl. as Exhibits A through E, respectively, and are incorporated herein.

Each of the Contracts contains an arbitration clause that provides in part that:

> A. Any dispute or difference hereafter arising with reference to the interpretation, application or effect of this Reinsurance Agreement or any part thereof, whether arising before or after termination of the Reinsurance Agreement shall be referred to a Board of Arbitration consisting of two (2) arbitrators and an umpire, who shall be active or retired officers of Insurance or Reinsurance Companies. The seat of the Board of Arbitration shall be in New York unless the disputants agree otherwise."

Miletic Decl., Exh. A at Article IX, Exh. B at Article XIV, Exh. C at Article XIV, Exh. D at Article XV, and Exh. E at Article XV. Under the Contracts, all disputes are required to be resolved by arbitration before a three-member Board of Arbitration (the "Arbitration Panel"), with each party designating an arbitrator and the two arbitrators selecting an umpire. Miletic Decl., Exh. A at Article IX.B; Exh. B at Article XIV(b); Exh. C at Article XIV(b); Exh. D at Article XV(b); and Exh. E at Article XV(b).

The Contracts further provide that the Panel shall interpret the Contracts as honorable engagements and that the award shall be final:

> The Board shall interpret this Reinsurance Agreement as an honorable engagement rather than as a merely technical legal obligation and shall make its award with a view to effecting the general purpose of this Reinsurance Agreement in a reasonable manner, rather than in accordance with the literal interpretation of the language. It shall be relieved

> from all judicial formalities and may abstain from following the strict rules of law. The decision in writing of the Board or a majority of the Board rendered at the earliest convenient date shall be final and binding upon all parties.

Miletic Decl., Exh. A at Article IX.D; Exh. B at Article XIV(d); Exh. C at Article XIV(d); Exh. D at Article XV(d); and Exh. E at Article XV(d).

The Contracts also contain the following Honorable Undertaking clause: "This Agreement shall be construed as an honorable undertaking between the parties hereto not to be defeated by technical legal construction, it being the intention of this Agreement that the fortunes of the Reinsurer [Argonaut] shall follow the fortunes of the Company [Global]." Miletic Decl., Exh. B at Article XV; Exh. C at Article XV; Exh. D at Article XVI; and Exh. E at Article XVI.

B. The June 27, 2007 XOL Award

By letters dated December 30, 2004 and January 10, 2005, Global demanded arbitration against Argonaut of "all disputed issues relating to [Global's] claims for payments of outstanding retrocessional balances owed to it by Argonaut in connection with [Global's] commutations with its cedents, the American International Group Companies ("AIG") and Home Insurance Company ("Home"). By E-mail dated December 31, 2004, Global also included in its arbitration demand all "balances owed with respect to the CNA commutation." Miletic Decl., Exhibit F. The

parties later agreed to transfer to this "XOL Arbitration" certain balances that had been the subject of another, then pending arbitration between the parties.

The arbitration proceeded before a three-member Panel comprised of Thomas M. Daly and Richard L. White, as the party-appointed arbitrators for Argonaut and Global, respectively, and Edmond F. Rondepierre, as the Umpire. The arbitration was conducted pursuant to a Confidentiality Order issued by the Panel, which remains in effect. Miletic Decl., Exhibit G. Following discovery, the parties submitted pre-hearing briefs and attended a five-day arbitration hearing, from June 18, 2007 to June 22, 2007.

The Panel issued its Award on June 27, 2007. The Award provides as follows:

**REDACTED**

REDACTED

A copy of the Award is attached to the Miletic Decl. as Exhibit H.

Following the Award, Argonaut requested and the Arbitration Panel granted, an extension of time in which to notify the Panel and Global whether Argonaut was exercising the election set forth in Paragraph 7 of the Award. By E-mail dated July 27, 2007, Argonaut elected to pay the amount set forth in Paragraph 7 for commutation balances, thereby nullifying the alternative relief set forth in paragraphs 1, 2, 5 and 6 of the Award. Miletic Decl., Exhibit I.

**ARGUMENT**

POINT I

THE FINAL AWARD SHOULD BE CONFIRMED

Pursuant to 9 U.S.C. §9, the court "must grant" an order confirming an arbitration award unless the award is vacated, modified or corrected. 9 U.S.C §9. No grounds exist to disturb the Arbitration Panel's Award of June 27, 2007. As such, the court should issue an order confirming the XOL Panel's Award.

POINT II

The record in this proceeding should be sealed

A. The Parties and Arbitration Panel Relied on the Confidential Nature Of Arbitration Information

Reinsurance arbitrations generally are conducted on a confidential basis; this is one of the reasons why most reinsurance contracts contain arbitration clauses and why most reinsurance disputes are resolved in arbitration rather than through the courts.

The Arbitration Panel recognized these realities when it issued a strict Confidentiality Order governing this matter. In that Order, the Arbitration Panel not only required that information and documents relating to the arbitration remain confidential, but it expressly found that "serious injury" could

result from any breach of confidentiality and provided a remedy for such a breach:

> The parties recognize that serious injury could result to any party and its business if the other party breaches its obligation under this Order. Therefore, each party will be entitled to seek a restraining order, injunction or other equitable relief if another party breaches its obligations under this Order in addition to any other remedies and damages that would be available at law or equity.

Miletic Decl., Exh. G at ¶6.

The Confidentiality Order obligates the parties to maintain the confidentiality of arbitration-related information and documents, and requires that, subject to court approval, any such documents or information disclosed to a court be sealed. Further, the parties are directed by the Order to "cooperate with each other in resisting or limiting disclosure" of arbitration-related materials. Id. at ¶3. For this reason, Argonaut could not oppose this motion to seal; indeed, Argonaut is obligated by the Order to cooperate in obtaining a sealing order.

Courts in this Circuit generally uphold and apply parties' confidentiality agreements in the arbitration context, recognizing that the maintenance of confidentiality advances the important public policy interest in encouraging alternative dispute resolution. "There are important policy interest [sic] involved in protecting the expectations of confidentiality

belonging to parties who have chosen an alternative means of dispute resolution." Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgt., Inc., 2005 WL 1522783, at *3 (E.D.N.Y. June 28, 2005). The Second Circuit has further explained that "honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage." Gambale v. Deutsche Bank AG 377 F.3d 133, 143 (2d Cir. 2004). These principles apply with even greater force where, as here, the requirement of confidentiality was imposed by an arbitration panel because of the deference that a court must afford to the arbitrators' rulings. See Duferco Intern. Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 389 (2d Cir., 2003) (to interfere with arbitration process "would frustrate the intent of the parties, and thwart the usefulness of arbitration.")

B. The Public Has No Interest In These Proceedings, and Global Would Be Harmed by Disclosure of Arbitration Information

The documents that will be filed in this action contain confidential and proprietary information concerning agreements between a reinsurer and its reinsureds and between a reinsurer and its retrocessionaires. The public has no legitimate interest in these documents.

Further, Global will be injured if other reinsureds or retrocessionaires have access to the confidential business

information contained in the documents. For example, these documents include confidential information concerning a commutation and settlements that Global entered into with several of its reinsureds. Because Global is engaged in commutation and settlement negotiations with other reinsureds, the release of any of these documents would compromise those negotiations, causing injury to Global and its retrocessionaires.

C. The Panel's Decision to Order that the Arbitration Be Confidential Should Be Implemented by the Court

The Court should order the sealing of all pleadings and papers in this action. This is consistent with the XOL Panel's Confidentiality Order. Miletic Decl., Exhibit G.

In Dirussa v. Dean Witter Reynolds Inc., 121 F.2d 818 (2d Cir. 1997), the Second Circuit affirmed an order sealing the entire court file, except for the Court's opinions and orders. In that case, the parties had entered into a confidentiality agreement in the course of an arbitration. The agreement required all papers in any subsequent action to be filed under seal. Id. at 826. Here, too, the Confidentiality Order entered by the Arbitration Panel requires that "subject to court approval, ... all submissions of Arbitration Information to a court shall be sealed." Miletic Decl., Exh. G at ¶3. In light of the strong public policy in favor of preserving the

confidentiality of arbitration proceedings, the Court should seal the entire file in this action.

**CONCLUSION**

For the foregoing reasons, Global requests that the Petition be granted in all respects, that the Court seal the record in this action, and that the Court render judgment confirming the Award and granting Global such other and further relief as is just and proper.

Dated: Short Hills, New Jersey
September 19, 2007

652622w

BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
(973) 379-4800
Attorneys for Petitioner GLOBAL Reinsurance Corporation
- U.S. Branch

BY: Ivan V. Miletic
Joseph J. Schiavone (JS 7303)
Jeffrey S. Leonard (JL 5931)
Ivan V. Miletic (IM 9922)