UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
In the Matter of the Arbitration    :    Docket No. _____
Between:                             :
                                     :
GLOBAL REINSURANCE CORPORATION - U.S.:
BRANCH                               :    DECLARATION OF IVAN
                                     :        V. MILETIC
                          Petitioner,:
                                     :
            -against-                :
                                     :
ARGONAUT INSURANCE COMPANY,          :
                                     :
                          Respondent.:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

I, Ivan V. Miletic, declare the following to be true under penalty of perjury and pursuant to 28 U.S.C. § 1746:

1. I am an attorney admitted to practice before this Court. I am an associate with the law firm of Budd Larner, P.C., attorneys for Petitioner GLOBAL Reinsurance Corporation - U.S. Branch ("Global"). I submit this Declaration to set before the Court certain facts and true copies of certain documents in support of Global's Petition to Confirm the Final Award in an arbitration between the parties and in support of Global's Motion to Seal the file in this matter.

2. Global and Respondent Argonaut Insurance Company ("Argonaut") are parties to certain retrocessional reinsurance contracts (the "Contracts") under which Argonaut reinsures Global. A copy of the Excess of Loss Reinsurance Contract No.

4034, effective January 1, 1972 through December 31, 1975 is attached hereto as Exhibit A; a copy of the First Excess of Loss Facultative Casualty Contract No. 4603, effective January 1, 1966 though December 31, 1975 is attached hereto as Exhibit B; a copy of the Fourth Casualty Excess of Loss Contract No. 4908, effective January 1, 1971 through December 31, 1975 is attached hereto as Exhibit C; a copy of the Second Excess Facultative and Treaty Casualty Excess of Loss (Clash Treaty) No. 4777, effective January 1, 1973 through December 31, 1975 is attached hereto as Exhibit D; and a copy of the Clash Treaty No. 4753, effective October 1, 1970 through December 31, 1975 is attached hereto as Exhibit E.

    3.    By letters dated December 30, 2004 and January 10, 2005, Global demanded arbitration against Argonaut of "all disputed issues relating to [Global's] claims for payments of outstanding retrocessional balances owed to it by Argonaut in connection with [Global's] commutations with its cedents, the American International Group Companies ("AIG") and Home Insurance Company ("Home"). By E-mail dated December 31, 2004, Global also included in its arbitration demand all "balances owed with respect to the CNA commutation." Copies of these demands are attached cumulatively as Exhibit F hereto. The

parties later agreed to transfer to this "XOL Arbitration" certain balances that had been the subject of another, then pending arbitration between the parties.

4. The arbitration proceeded before a three-member panel (the "Arbitration Panel") comprised of Thomas M. Daly and Richard L. White, as the party-appointed arbitrators for Argonaut and Global, respectively, and Edmond F. Rondepierre, as the Umpire. The arbitration was conducted pursuant to a Confidentiality Order issued by the Arbitration Panel, which remains in effect. A copy of the Confidentiality Order is attached hereto as Exhibit G.

5. Following discovery, the parties submitted pre-hearing briefs and attended a five-day arbitration hearing, from June 18, 2007 to June 22, 2007. A copy of the Final Award issued by the Panel on June 27, 2007 is attached as Exhibit H.

6. Following the Award, Argonaut requested and the Arbitration Panel granted an extension of time in which to notify the Panel and Global whether Argonaut was exercising the election set forth in Paragraph 7 of the Award.

7. By E-mail dated July 27, 2007, Argonaut elected to pay the amount set forth in Paragraph 7 for commutation balances, thereby nullifying the alternative relief set forth in paragraphs 1, 2, 5 and 6 of the Award. A copy of counsel's E-

mail memorializing this election, dated July 27, 2007 is attached hereto as Exhibit I.

8. Documents to be filed by Global and Argonaut in this proceeding contain confidential and proprietary business information concerning agreements between a reinsurer and its reinsureds and between a reinsurer and its retrocessionaires.

9. Documents to be filed will also contain confidential information concerning commutations and settlements that Global entered into with several of its reinsureds.

10. Global is currently engaged in commutation and settlement negotiations with other reinsureds. The release of confidential and proprietary business information about commutations and settlements that Global has already concluded with certain of its reinsureds would compromise those negotiations.

11. Global will be injured if other reinsureds or retrocessionaires have access to the confidential business information contained in the court file.

12. The public has no legitimate interest in these documents.

13. There is no less restrictive alternative that would be effective in preventing financial harm to Global.

14. No prior application for the relief requested herein has been made.

15. Because this motion to seal discloses information and documents relating to the underlying arbitration, and contains information the disclosure of which would be harmful to Global, this motion is not being filed electronically and should itself be filed under seal.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on September 19, 2007.

_____
IVAN V. MILETIC

652585.W