EXHIBIT G

---

In the Matter of the Arbitration Between

Global Reinsurance Company - U.S. Branch,
f/n/a Gerling Global Reinsurance Corporation - U.S. Branch

          Petitioner,
 - and -

Argonaut Insurance Company

          Respondent.

---

## CONFIDENTIALITY ORDER

1. The parties bound by this order are:

 a. Global Reinsurance Company - U.S. Branch and its parent corporation, subsidiaries, affiliates, agents, employees, officers and directors (Global) and.

 b. Argonaut Insurance Company and its parent corporation, subsidiaries, affiliates, agents, employees, officers and directors (Argonaut).

2. Except as provided in Paragraph 3 below, and absent written agreement between the parties to the contrary, all briefs, depositions and hearing transcripts generated in the course of this arbitration, documents created for the arbitration or produced in the proceedings by the opposing party or third-parties, final award and any interim decisions, correspondence, oral discussions and information exchanged in connection with the proceedings (hereinafter collectively referred to as "Arbitration Information") will be kept confidential. This Confidentiality Order will remain in effect even after conclusion of the arbitration proceedings.

3. Disclosure of Arbitration Information may be made: (a) to the extent necessary to obtain compliance with any interim decisions or the final award herein, or to secure payment from retrocessionaires; (b) in connection with court proceedings relating to any aspect of the arbitration, including but not limited to motions to confirm, modify or vacate an arbitration award; (c) as is necessary in communications with auditors retained by any party, or federal or state regulators; (d) as is necessary to comply with subpoenas, discovery requests or orders of any court; and (e) to the extent Arbitration Information is already lawfully in the public domain. Any disclosures pursuant to

subparagraphs (a) or (c) shall be accompanied by a copy of this Confidentiality Agreement and an instruction to any recipient to maintain the confidentiality of all Arbitration Information. In connection with any disclosures pursuant to subparagraph (b), subject to court approval, all submissions of Arbitration Information to a court shall be sealed.

If any party is requested or required under subparagraph (d) to disclose Arbitration Information, subject to any applicable legal restrictions, that party will give written notice to the other(s) as soon as possible after the subpoena, discovery request or court order is received. In all contexts, all parties will make good-faith efforts to limit the extent of the disclosures, if any, to be made, and will cooperate with each other in resisting or limiting disclosure of Arbitration Information.

4. For the purpose of conducting this arbitration, Arbitration Information may be disclosed as needed or appropriate to the following persons only:

    a. the arbitration panel, who evidence by their execution hereof their undertaking to
        maintain Arbitration Information in confidence as set forth herein;

    b. counsel for a party or employees of counsel's law firm who are assisting counsel;

    c. employees and agents of the parties for purposes consistent with this agreement;

    d. any party's deposition or trial witness;

    e. any person retained by counsel for a party to assist in this arbitration; provided
        however, that such person shall agree to be bound by the terms of this Confidentiality
        Agreement as if that person were a party, and shall so acknowledge by executing, prior
        to receipt of or access to Arbitration Information, an affidavit in the form attached
        hereto as Exhibit A; or

    f. any non-party deposition or trial witness; provided, however, that such person shall
        agree to be bound by the terms of this Confidentiality Order as if that person
        were a party, and shall so acknowledge by executing, prior to receipt of or
        access to Arbitration Information, an affidavit in the form attached hereto as

Exhibit A.

5. Additionally, for purposes of conducting this arbitration, Limited Arbitration Information may
be disclosed as needed or appropriate to other panels for disputes between the Parties to this
arbitration who evidence their understanding to maintain Limited Arbitration Information in confidence as set forth herein or in a form essentially similar.
Limited Arbitration Information is Arbitration Information excluding this Panel's final award
or order and any interim decisions.

6. If a party is requested or required to disclose Arbitration Information, subject to applicable
legal restrictions, that Party will: 1) notify the other party(ies) in writing as soon as possible
after the subpoena, request or court order is received, to permit the other party(ies) to seek
legal protection against any such disclosure; and 2) tender the defense of that demand to the
party that produced the Arbitration Information, or permit that party to associate in the defense
of that demand.  Unless the demand has been timely limited, quashed or extended, the obligated
party will thereafter be entitled to comply with such demand, request or court order to the
extent required by law.  If requested by any other party(ies), the obligated party will cooperate
(at the expense of the requesting other party(ies)) in the defense of a demand.

7. The parties recognize that serious injury could result to any party and its business if the other party breaches its obligations under this Agreement. Therefore, each party agrees that all parties will be entitled to seek a restraining order, injunction or other equitable relief if another party breaches its obligations under this Agreement, in addition to any other remedies and damages that would be available at law or equity.

Arbitrator: Richard L. White

Umpire:   Edmond F. Rondepierre

15 May 2006

Arbitrator Thomas M. Daly has noted his dissent to the majority decision to exclude any Interim decisions or final awards or orders from the definition of Limited Arbitration Information.