UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In the Matter of the Arbitration Between: | Civil Action No. **07 CV 8196 (PKC)** |
| GLOBAL REINSURANCE CORPORATION - U.S. BRANCH, | |
| Petitioner, | **DECLARATION OF BARRY KEOGH** |
| -against- | |
| ARGONAUT INSURANCE COMPANY, Respondent. | |

---

I, Barry Keogh, declare the following to be true under the penalty of perjury and pursuant to 28 U.S.C. §1746:

1. I am a Senior Vice President at Global Reinsurance Department Corporation – U.S. Branch ("Global"). I submit this Declaration in response to the Court's November 28, 2007 Memorandum and Order on Sealed Submissions. I have personal knowledge of the facts set forth herein, including the facts surrounding the arbitration hearing, commonly referred to as the XOL arbitration that is the subject matter of Global's Petition to Confirm the Arbitration Award filed with the Court on September 19, 2007.

2. The arbitration Panel issued a Confidentiality Order dated May 15, 2006. In accordance with that Confidentiality Order, the parties are required to keep confidential "Arbitration Information" which requires that in connection with any court proceedings relating to the arbitration award that "subject to court approval, all submissions of Arbitration Information to a court shall be sealed." See Confidentiality Order, at paragraph 3, previously submitted as Exhibit G to the Declaration of Ivan V. Miletic

("Miletic Declaration") dated September 19, 2007, which for convenience is also annexed hereto Exhibit 1.

3.    The definition of Arbitration Information is broad and includes "all briefs, depositions and hearing transcripts generated in the course of this arbitration, documents created for the arbitration or produced in the proceedings by the opposing party or third-parties, final award and any interim decisions, correspondence, oral discussions and information exchanged in connection with the proceedings...." Id., at paragraph 2.

4.    The Confidentiality Order further provides that "in all contexts, all parties will make good-faith efforts to limit the extent of the disclosures, if any, to be made, and will cooperate with each other in resisting or limiting disclosure of Arbitration Information." See Exhibit 1, paragraph 3.

5.    Under the broad definition of "Arbitration Information," all of the exhibits to the Miletic Declaration previously filed with the Court, with the exception of the Confidentiality Order itself (Exhibit G) which would be disclosed to establish its existence, are "Arbitration Information" to be kept confidential.   These documents included Global's demand for arbitration, the retrocessional Treaties that were exchanged in discovery, the Panel's arbitration Award of June 27, 2007 and Argonaut's subsequent election to pay under paragraph 7 of the Award. See Declaration of Miletic, previously submitted at Exhibits A to E (Treaties); Exhibit F (arbitration demands); Exhibit H (June 27, 2007 Award) and Exhibit I (Argonaut's July 27, 2007 e-mail electing paragragh 7 provision in Award).  Likewise, those portions of the accompanying Petition to Confirm and Memorandum of Law filed on September 19, 2007 that described these documents are also considered Arbitration Information.

6.   However, given the Court's concerns as expressed in its November 28, 2007 Order and in an effort to narrow the scope of the existing Sealing Order that seals the entire record in this case, and with the understanding and agreement from Argonaut that it will not assert that Global is somehow violating the Confidentiality Order, Global requests that the following information and documents now before the Court under seal, essentially the arbitration Award of June 27, 2007 and discussion concerning its content, remain either under seal and/or submitted in a redacted form:

- Redact paragraph 17 of Global's Petition to Confirm Arbitration Award that quotes from the arbitration Award dated June 27, 2007.  Copies of the redacted pages of the Petition are annexed hereto as Exhibit 2 and a set of the redacted and unredacted pages are being submitted to the Court for an in camera review.

- Redact portions of pages 7 to 8 of Global's Memorandum of Law in Support of Petition to Confirm Arbitration Award and Motion to Seal, dated September 19, 2007, that quotes from the arbitration Award dated June 27, 2007.  Copies of the redacted pages of the Memorandum are annexed hereto as Exhibit 3 and a set of the redacted and unredacted pages are being submitted to the Court for an in camera review.

- Continue to seal and prohibit from public access the arbitration Award dated June 27, 2007 attached to the Miletic Declaration as Exhibit H.   A copy of Exhibit H to the Miletic Declaration is being submitted to the Court for an in camera review.

7.    The above-information and exhibit concerning the Award are clearly "Arbitration Information" under the definition of the Panel's Confidentiality Order.   The

parties conducted the arbitration pursuant to the Panel's Confidentiality Order and expected that the Award would remain confidential and not open to public view.

8.    When Global filed its Petition to Confirm the Arbitration Award, it complied with the Confidentiality Order and submitted its papers to the Court along with a Motion to Seal.    When it did so, Global anticipated that there may be more Arbitration Information that would later be submitted to the Court such as hearing transcripts, exhibits and briefs before the Panel that discussed in detail Global's commutation program including its confidential and propriety targets for commutation and pricing methodologies used for commutations.    As Global is in run-off and is continuing its commutation program such information would be detrimental to Global if released as it would put Global at a disadvantage in negotiating other commutations with its cedents.

9.    As it turned out, the Petition to Confirm has been unopposed by Argonaut which has not filed any motion or cross-petition to vacate the Award.    Argonaut's Answer, although it did dispute that two of the Treaties were complete copies, did not ask for any affirmative relief, nor did it challenge the confirmation of the Award.

10.    It is my understanding that the parties, through counsel, are in the process of attempting to agree on the wording for a stipulation and order to confirm the Award.

11.    Global will be harmed if the Award and quotations from it, made during a confidential and private arbitration with one of its retrocessionaires, Argonaut, are made public.    For example, Global is concerned that its on-going commutation program with its own cedents will be hampered if those cedents become concerned that the commutations may become the subjects of future arbitrations between Global and its retrocessionaires -- that despite confidentiality orders by an arbitration panel-- will nonetheless become a

matter of public record once an award is confirmed or vacated. Typically, during these commutation negotiations both sides release to one another very confidential information about projections of past, current and future liabilities as well as privileged claim information, and the commutation agreements themselves contain confidentiality provisions. Although Global is normally permitted to share such information with its retrocessionaires for collection purposes, it is done so pursuant to confidentiality agreements with the retrocessionaires.

12.    In the reinsurance industry, arbitrations are typically done pursuant to Confidentiality Orders such as the one entered by the Panel in this arbitration.   Global relied on that Confidentiality Order in placing the Award and the quotations from it before this Court and the Award and quotations from it should remain confidential and under seal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this ___5TH___ day of December, 2007, in Cologne, Germany.

BARRY KEOGH

660774W

# EXHIBIT 1

In the Matter of the Arbitration Between

Global Reinsurance Company - U.S. Branch,
f/n/a Gerling Global Reinsurance Corporation - U.S. Branch

                                      Petitioner,

        - and -

Argonaut Insurance Company

                                     Respondent.

## CONFIDENTIALITY ORDER

1. The parties bound by this order are:

    a. Global Reinsurance Company - U.S. Branch and its parent corporation, subsidiaries, affiliates, agents, employees, officers and directors (Global) and.

    b. Argonaut Insurance Company and its parent corporation, subsidiaries, affiliates, agents, employees, officers and directors (Argonaut).

2. Except as provided in Paragraph 3 below, and absent written agreement between the parties to the contrary, all briefs, depositions and hearing transcripts generated in the course of this arbitration, documents created for the arbitration or produced in the proceedings by the opposing party or third-parties, final award and any interim decisions, correspondence, oral discussions and information exchanged in connection with the proceedings (hereinafter collectively referred to as "Arbitration Information") will be kept confidential. This Confidentiality Order will remain in effect even after conclusion of the arbitration proceedings.

3. Disclosure of Arbitration Information may be made: (a) to the extent necessary to obtain compliance with any interim decisions or the final award herein, or to secure payment from retrocessionaires; (b) in connection with court proceedings relating to any aspect of the arbitration, including but not limited to motions to confirm, modify or vacate an arbitration award; (c) as is necessary in communications with auditors retained by any party, or federal or state regulators; (d) as is necessary to comply with subpoenas, discovery requests or orders of any court; and (e) to the extent Arbitration Information is already lawfully in the public domain. Any disclosures pursuant to

subparagraphs (a) or (c) shall be accompanied by a copy of this Confidentiality Agreement and an instruction to any recipient to maintain the confidentiality of all Arbitration Information. In connection with any disclosures pursuant to subparagraph (b), subject to court approval, all submissions of Arbitration Information to a court shall be sealed.

If any party is requested or required under subparagraph (d) to disclose Arbitration Information, subject to any applicable legal restrictions, that party will give written notice to the other(s) as soon as possible after the subpoena, discovery request or court order is received. In all contexts, all parties will make good-faith efforts to limit the extent of the disclosures, if any, to be made, and will cooperate with each other in resisting or limiting disclosure of Arbitration Information.

4. For the purpose of conducting this arbitration, Arbitration Information may be disclosed as needed or appropriate to the following persons only:

a. the arbitration panel, who evidence by their execution hereof their undertaking to
maintain Arbitration Information in confidence as set forth herein;

b . counsel for a party or employees of counsel's law firm who are assisting counsel;

c. employees and agents of the parties for purposes consistent with this agreement;

d. any party's deposition or trial witness;

e. any person retained by counsel for a party to assist in this arbitration; provided
however, that such person shall agree to be bound by the terms of this Confidentiality
Agreement as if that person were a party, and shall so acknowledge by executing, prior
to receipt of or access to Arbitration Information, an affidavit in the form attached
hereto as Exhibit A; or

f. any non-party deposition or trial witness; provided, however, that such person shall
agree to be bound by the terms of this Confidentiality Order as if that person
were a party, and shall so acknowledge by executing, prior to receipt of or
access to Arbitration Information, an affidavit in the form attached hereto as

Exhibit A.

5. Additionally, for purposes of conducting this arbitration, Limited Arbitration Information may
be disclosed as needed or appropriate to other panels for disputes between the Parties to this
arbitration who evidence their understanding to maintain Limited Arbitration Information in confidence as set forth herein or in a form essentially similar.
Limited Arbitration Information is Arbitration Information excluding this Panel's final award
or order and any interim decisions.

6. If a party is requested or required to disclose Arbitration Information, subject to applicable
legal restrictions, that Party will: 1) notify the other party(ies) in writing as soon as possible
after the subpoena, request or court order is received, to permit the other party(ies) to seek
legal protection against any such disclosure; and 2) tender the defense of that demand to the
party that produced the Arbitration Information, or permit that party to associate in the defense
of that demand.  Unless the demand has been timely limited, quashed or extended, the obligated
party will thereafter be entitled to comply with such demand, request or court order to the
extent required by law.  If requested by any other party(ies), the obligated party will cooperate
(at the expense of the requesting other party(ies)) in the defense of a demand.

7. The parties recognize that serious injury could result to any party and its business if the other party breaches its obligations under this Agreement.  Therefore, each party agrees that all parties will be entitled to seek a restraining order, injunction or other equitable relief if another party breaches its obligations under this Agreement, in addition to any other remedies and damages that would be available at law or equity.

Arbitrator: Richard L. White

Umpire:    Edmond F. Rondepierre

15 May 2006

Arbitrator Thomas M. Daly has noted his dissent to the majority decision to exclude any Interim decisions or final awards or orders from the definition of Limited Arbitration Information.

# EXHIBIT 2

Redacted Version

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 07 CIV 8196

In the Matter of the
Arbitration Between

      :   Docket No. _____

GLOBAL Reinsurance Corporation
- U.S. Branch,

      :   VERIFIED PETITION TO CONFIRM
      :   ARBITRATION AWARD

              Petitioner,

- against -

      :   **FILED UNDER SEAL**

Argonaut Insurance Company,

              Respondent

SEP 1 9 2007

U.S.D.C. S.D.N.Y.
CASHIERS

    Petitioner GLOBAL Reinsurance Corporation - U.S. Branch ("Global"), by and through its attorneys, Budd Larner, P. C., alleges as follows:

## Nature of the Petition

    1.   This is a Petition pursuant to 9 U.S.C. §§9 and 201-203 to confirm a reinsurance arbitration award issued on 27 June 2007 (the "June 27, 2007 Award") between the parties. As the parties have recently had several arbitrations, they have commonly referred to this arbitration as the "XOL Arbitration."

## The Parties, Jurisdiction and Venue

    2.   Global is a branch of a foreign reinsurance company organized and existing under the laws of Germany, with its principal place of business in Cologne, Germany. It is

authorized to write certain insurance and reinsurance in New York, and it maintains a place of business in New York, New York.

3.   Upon information and belief, respondent Argonaut Insurance Company ("Argonaut") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois.

4.   The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 9 U.S.C. §201-203.  The arbitration agreements at issue are contained in retrocessional reinsurance contracts between Global and Argonaut.  Those contracts constitute commercial agreements between a citizen of a foreign country and a citizen of the United States.  The foreign country, Germany, and the United States are signatories to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §201 *et seq.*

5.   In addition, the Court has subject matter jurisdiction over this matter based on alienage pursuant to 28 U.S.C. §1332. This proceeding ancillary to the XOL arbitration is between a citizen of a certain state, Argonaut, as a citizen of Illinois, and Global, a foreign corporation, and the amount in controversy in this action exceeds the sum of $75,000.

6.   Venue is proper in this district pursuant to 28 U.S.C. §1391 (b)(2) and 9 U.S.C. §204, because the contracts between

Global and Argonaut provide for the arbitration to take place in New York, New York, and although the parties mutually agreed to re-locate the arbitration to New Jersey, a substantial part of the events giving rise to the claim occurred in this district. Additionally, venue is proper under 28 U.S.C. §1391 (c) as Argonaut is subject to service of process in this district.

<u>Factual Background</u>

A.    <u>The Retrocessional Contracts and Arbitration Clauses</u>

7.    Reinsurance enables an insurance company to insure its liability under insurance policies that it issues to its insureds.    In reinsurance, the insurer (often referred to in this context as the "cedent") transfers a portion of its liability to a reinsurer.

8.    A retrocessional contract is reinsurance that reinsurers a reinsurer.    The reinsurer in this context is sometimes referred to as the "retrocessionaire."

9.    Global and Argonaut entered into several retrocessional contracts (the "Contracts"), under which Argonaut, as the retrocessionaire, provides certain reinsurance coverage to Global.    Specifically the contracts at issue here are: (1) Excess of Loss Reinsurance Contract No. 4034, effective January 1, 1972 through December 31, 1975; (2) First Excess of Loss Facultative Casualty Contract No. 4603, effective January 1, 1966 though December 31, 1975; (3) Fourth Casualty Excess of

Loss Contract No. 4908, effective January 1, 1971 through December 31, 1975; (4) Second Excess Facultative and Treaty Casualty Excess of Loss (Clash Treaty) No. 4777, effective January 1, 1973 through December 31, 1975; and (5) Clash Treaty No. 4753, effective October 1, 1970 through December 31, 1975. Copies of these Contracts are attached to the Declaration of Ivan V. Miletic dated September 18, 2007 ("Miletic Decl.") as Exhibits A through E, respectively, and are incorporated herein.

10. Each of the Contracts contain an arbitration clause that provides in part as follows:

> A. Any dispute or difference hereafter arising with reference to the interpretation, application or effect of this Reinsurance Agreement or any part thereof, whether arising before or after termination of the Reinsurance Agreement shall be referred to a Board of Arbitration consisting of two (2) arbitrators and an umpire, who shall be active or retired officers of Insurance or Reinsurance Companies. The seat of the Board of Arbitration shall be in New York unless the disputants agree otherwise."

Miletic Decl., Exh. A at Article IX; Exh. B at Article XIV; Exh. C at Article XIV; Exh. D at Article XV; and Exh. E at Article XV.

11. Under the Contracts, all disputes are required to be resolved by arbitration before a three-member Board of Arbitration (also referred to herein as the "Panel"), with each party designating an arbitrator and the two arbitrators

4

selecting an umpire.  Miletic Decl., Exh. A at Article IX.B;
Exh. B at Article XIV(b); Exh. C at Article XIV(b); Exh. D at
Article XV(b); and Exh. E at Article XV(b).

12.  The Contracts further provide that the Panel shall
interpret the Contracts as honorable engagements and that the
award shall be final:

> The Board shall interpret this Reinsurance
> Agreement as an honorable engagement rather than as a
> merely technical legal obligation and shall make its
> award with a view to effecting the general purpose of
> this Reinsurance Agreement in a reasonable manner,
> rather than in accordance with the literal
> interpretation of the language. It shall be relieved
> from all judicial formalities and may abstain from
> following the strict rules of law.  The decision in
> writing of the Board or a majority of the Board
> rendered at the earliest convenient date shall be
> final and binding upon all parties.

Miletic Decl., Exh. A at Article IX.D; Exh. B at Article XIV(d);
Exh. C at Article XIV(d);  Exh. D at Article XV(d);  and Exh. E
at Article XV(d).

13.  The Contracts also have an Honorable Undertaking
clause in them: "This Agreement shall be construed as an
honorable undertaking between the parties hereto not to be
defeated by technical legal construction, it being the intention
of this Agreement that the fortunes of the Reinsurer [Argonaut]
shall follow the fortunes of the Company [Global]." Miletic
Decl., Exh. B at Article XV; Exh. C at Article XV; Exh. D at
Article XVI; and Exh. E at Article XVI.

B.   The June 27, 2007 XOL Award

14.   By letters dated December 30, 2004 and January 10, 2005, Global demanded arbitration against Argonaut of "all disputed issues relating to [Global's] claims for payments of outstanding retrocessional balances owed to it by Argonaut in connection with [Global's] commutations with its cedents, the American International Group Companies ("AIG") and Home Insurance Company ("Home")." By E-mail dated December 31, 2004, Global also included in its arbitration demand all "balances owed with respect to the CNA commutation." Copies of these demands are attached cumulatively as Exhibit F to the Miletic Declaration. The parties later agreed to transfer to this "XOL Arbitration" certain balances that had been the subject of another, then pending arbitration between the parties.

15.   The arbitration proceeded before a three-member panel (the "Arbitration Panel") comprised of Thomas M. Daly and Richard L. White, as the party-appointed arbitrators for Argonaut and Global, respectively, and Edmond F. Rondepierre, as the Umpire. The arbitration was conducted pursuant to a Confidentiality Order issued by the Arbitration Panel, which remains in effect. A copy of the Confidentiality Order is attached to the Miletic Declaration as Exhibit G.

16.   Following discovery, the parties submitted pre-hearing briefs and attended a five-day arbitration hearing, from June 18, 2007 to June 22, 2007.

17.   The Panel issued its Award on June 27, 2007, which provides as follows:

**REDACTED**

**REDACTED**

A copy of the Award is attached to the Miletic Declaration as Exhibit H.

18. Following the Award, Argonaut requested and the Arbitration Panel granted an extension of time in which to notify the Panel and Global whether Argonaut exercised the election set forth in Paragraph 7 of the Award.

19. By E-mail dated July 27, 2007, Argonaut elected to pay the amount set forth in Paragraph 7 for commutation balances, thereby nullifying the alternative relief set forth in paragraphs 1, 2, 5 and 6 of the Award. <u>See</u> Exh. I to the

Miletic Decl., E-mail dated July 27, 2007 from Argonaut's counsel.

<u>Count I</u>

20. Global incorporates each of the allegations contained in paragraphs 1 through 19 of this Petition.

21. No motion has been made to vacate, modify, or correct the June 27, 2007 Award.

22. Global is entitled to confirmation of the June 27, 2007 Award pursuant to the Federal Arbitration Act, 9 U.S.C. §1 *et seq*. and 9 U.S.C. §§201 *et seq*.

WHEREFORE, Global requests that the Petition be granted in all respects, and that the Court issue a judgment confirming the Award and granting Global such other and further relief as is just and proper.

Dated:    Short Hills, New Jersey
          September 19, 2007

                              BUDD LARNER, P.C.
                              150 John F. Kennedy Parkway
                              Short Hills, New Jersey 07078
                              (973) 379-4800
                              Attorneys for Petitioner
                               GLOBAL Reinsurance
                               Corporation - U.S. Branch

                    BY: _____ (NM)
                              Joseph J. Schiavone (JS 7303)
                              Jeffrey S. Leonard (JL 5931)
                              Ivan V. Miletic (IM 9922)

649226w

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Arbitration Between: | : Docket No. _____ |
| | : |
| GLOBAL Reinsurance Corporation - U.S. Branch, | : |
| | : |
| Petitioner/Respondent | : |
| | : |
| | : |
| - against - | : |
| | : |
| Argonaut Insurance Company | : |
| | : FILED UNDER SEAL |
| Respondent | : |
| | : |

---

### VERIFIED PETITION TO CONFIRM ARBITRATION AWARD

---

BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
(973) 379-4800
Attorneys for Petitioner GLOBAL Reinsurance Corporation
- U.S. Branch

# EXHIBIT 3

# 07 CIV 8196

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Redacted Version

------------------------------------

In the Matter of the Arbitration             :      Docket No. _____
Between:                                      :
                                              :
                                              :
GLOBAL Reinsurance Corporation -              :
U.S. Branch,                                  :
                                              :
              Petitioner/Respondent           :      **FILED UNDER SEAL**
                                              :
                 -against-                    :
                                              :
ARGONAUT INSURANCE COMPANY,                   :
                                              :
                 Respondent.                  :           SEP 19 2007
------------------------------------          :
                                              :      U.S.D.C. S.D.N.Y.
                                              :          CASHIERS

---

MEMORANDUM OF LAW IN SUPPORT OF PETITION TO
CONFIRM ARBITRATION AWARD AND MOTION TO SEAL

---

BUDD LARNER, P.C.
140 Broadway, 46TH Floor
New York, New York 10005
(212) 946-2798

- and -

150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
(973) 379-4800

On the Brief:
 Joseph J. Schiavone (JS 7303)
 Jeffrey S. Leonard (JL 5931)
 Ivan V. Miletic (IM 9922)

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........................................ ii

PRELIMINARY STATEMENT ........................................ 1

The Parties, Jurisdiction and Venue ......................... 2

Factual Background .......................................... 4

    A.  The Retrocessional Contracts and Arbitration Clauses ... 4
    B.   The June 27, 2007 XOL Award .......................... 6

ARGUMENT .................................................... 10

POINT I ..................................................... 10

THE FINAL AWARD SHOULD BE CONFIRMED ......................... 10

POINT II .................................................... 10

THE RECORD IN THIS PROCEEDING SHOULD BE SEALED ............. 10

    A.  The Parties and Arbitration Panel Relied on the
        Confidential Nature Of Arbitration Information ........ 10

    B.  The Public Has No Interest In These Proceedings, and
        Global Would Be Harmed by Disclosure of Arbitration
        Information ........................................... 12

    C.  The Panel's Decision to Order that the Arbitration
        Be Confidential Should Be Implemented by the Court .... 13

CONCLUSION .................................................. 14

## TABLE OF AUTHORITIES

<u>Page</u>

**Cases**

<u>Dirussa v. Dean Witter Reynolds Inc.</u>, 121 F.2d 818 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

<u>Duferco Intern. Steel Trading v. T. Klaveness Shipping A/S</u>, 333 F.3d 383 (2d Cir., 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

<u>Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgt., Inc.</u>, 2005 WL 1522783 (E.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

<u>Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgt., Inc.</u>, 2005 WL 1522783 (E.D.N.Y. June 28, 2005) . . . . . . . . . . . . . . . . . . 12

<u>Gambale v. Deutsche Bank AG</u>  377 F.3d 133 (2d Cir. 2004) . . . . . . 12

**Statutes**

 9 U.S.C. §9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
 9 U.S.C. §201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
 9 U.S.C §201-203 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2
 9 U.S.C. §204 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
28 U.S.C. §1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
28 U.S.C. §1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
28 U.S.C. §1391(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
28 U.S.C. §1391(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## PRELIMINARY STATEMENT

This is a Petition pursuant to the New York Convention of the Federal Arbitration Act, 9 U.S.C §201-203, to confirm a reinsurance arbitration award issued on 27 June 2007 (the "June 27, 2007 Award") between Petitioner GLOBAL Reinsurance Corporation - U.S. Branch ("Global") and Respondent Argonaut Reinsurance Company ("Argonaut"). As the parties have recently had several arbitrations, they have commonly referred to this arbitration as the "XOL" Arbitration." Global, a foreign reinsurer, and Argonaut, its retrocessionaire, are parties to various retrocessional reinsurance contracts under which Argonaut reinsures Global. The contracts contain a broad arbitration clause. Global commenced an arbitration to recover amounts due under the contracts. The arbitration related, in part, to commutations that Global entered into with three of its cedents, the AIG Companies, Home Insurance Company and the CNA Companies. Following discovery and a five-day hearing, the duly constituted arbitration panel ("Arbitration Panel") issued a Final Award. No motion to vacate or modify the Final Award has been served, and Global is entitled to a judgment confirming the Award under the New York Convention.

Good cause to seal the record exists for two reasons. First, the underlying reinsurance arbitration was conducted pursuant to a Confidentiality Order issued by the Arbitration

Panel, which remains in effect. <u>See</u> Declaration of Ivan V. Miletic dated September 18, 2007 ("Miletic Decl."), Exhibit G at ¶2. That Order provides that all information and documents generated or produced in the arbitration are confidential, and requires that, subject to court approval, any disclosures of such information or documents to a court be sealed. <u>Id.</u> at ¶3. Indeed, the parties are obligated to cooperate in resisting disclosure of arbitration-related materials. <u>Id.</u>

Second, the public has no legitimate or real interest in the confidential arbitration documents and, as shown below, Global would be harmed if the arbitration documents and information were to be disclosed.

The Parties, Jurisdiction and Venue

Global is a U.S. branch of a foreign reinsurance company organized and existing under the laws of Germany, with its principal place of business in Cologne, Germany. It is authorized to write certain insurance and reinsurance in New York, and it maintains a place of business in New York, New York.

Upon information and belief, Argonaut is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois.

The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 9 U.S.C. §201-203. The

2

arbitration agreements at issue are contained in retrocessional reinsurance contracts between Global and Argonaut. Those contracts constitute commercial agreements between a citizen of a foreign country and a citizen of the United States. The foreign country, Germany, and the United States are signatories to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §201 *et seq.*

In addition, the Court has subject matter jurisdiction over this matter based on alienage pursuant to 28 U.S.C. §1332. This proceeding ancillary to the XOL Arbitration is between a citizen of a certain state, Argonaut, as a citizen of Illinois, and Global, a foreign corporation, and the amount in controversy in this action exceeds the sum of $75,000.

Venue is proper in this district pursuant to 28 U.S.C. §1391 (b)(2) and 9 U.S.C. §204, because the contracts between Global and Argonaut provide for the arbitration to take place in New York, New York, and although the parties mutually agreed to re-locate the arbitration to New Jersey, a substantial part of the events giving rise to the claim occurred in this district. In addition, venue is proper under 28 U.S.C. §1391(c), because Argonaut is subject to service of process in this district.

## Factual Background

A.  The Retrocessional Contracts and Arbitration Clauses

Reinsurance enables an insurance company to insure its liability under insurance policies that it issues to its insureds. In reinsurance, the insurer (often referred to in this context as the "cedent") transfers a portion of its liability to a reinsurer. A retrocessional contract is reinsurance that reinsurers a reinsurer. The reinsurer in this context is sometimes referred to as the "retrocessionaire."

Global and Argonaut entered into several retrocessional contracts (the "Contracts"), under which Argonaut, as the retrocessionaire, provides certain reinsurance coverage to Global. Specifically, the contracts at issue here are: (1) Excess of Loss Reinsurance Contract No. 4034, effective January 1, 1972 through December 31, 1975; (2) First Excess of Loss Facultative Casualty Contract No. 4603, effective January 1, 1966 though December 31, 1975; (3) Fourth Casualty Excess of Loss Contract No. 4908, effective January 1, 1971 through December 31, 1975; (4) Second Excess Facultative and Treaty Casualty Excess of Loss (Clash Treaty) No. 4777, effective January 1, 1973 through December 31, 1975; and (5) Clash Treaty No. 4753, effective October 1, 1970 through December 31, 1975. Copies of these Contracts are attached to the Miletic Decl. as Exhibits A through E, respectively, and are incorporated herein.

Each of the Contracts contains an arbitration clause that provides in part that:

> A. Any dispute or difference hereafter arising with reference to the interpretation, application or effect of this Reinsurance Agreement or any part thereof, whether arising before or after termination of the Reinsurance Agreement shall be referred to a Board of Arbitration consisting of two (2) arbitrators and an umpire, who shall be active or retired officers of Insurance or Reinsurance Companies. The seat of the Board of Arbitration shall be in New York unless the disputants agree otherwise."

Miletic Decl., Exh. A at Article IX, Exh. B at Article XIV, Exh. C at Article XIV, Exh. D at Article XV, and Exh. E at Article XV. Under the Contracts, all disputes are required to be resolved by arbitration before a three-member Board of Arbitration (the "Arbitration Panel"), with each party designating an arbitrator and the two arbitrators selecting an umpire. Miletic Decl., Exh. A at Article IX.B; Exh. B at Article XIV(b); Exh. C at Article XIV(b); Exh. D at Article XV(b); and Exh. E at Article XV(b).

The Contracts further provide that the Panel shall interpret the Contracts as honorable engagements and that the award shall be final:

> The Board shall interpret this Reinsurance Agreement as an honorable engagement rather than as a merely technical legal obligation and shall make its award with a view to effecting the general purpose of this Reinsurance Agreement in a reasonable manner, rather than in accordance with the literal interpretation of the language. It shall be relieved

> from all judicial formalities and may abstain from
> following the strict rules of law. The decision in
> writing of the Board or a majority of the Board
> rendered at the earliest convenient date shall be
> final and binding upon all parties.

Miletic Decl., Exh. A at Article IX.D; Exh. B at Article XIV(d);

Exh. C at Article XIV(d); Exh. D at Article XV(d); and Exh. E at

Article XV(d).

The Contracts also contain the following Honorable

Undertaking clause: "This Agreement shall be construed as an

honorable undertaking between the parties hereto not to be

defeated by technical legal construction, it being the intention

of this Agreement that the fortunes of the Reinsurer [Argonaut]

shall follow the fortunes of the Company [Global]." Miletic

Decl., Exh. B at Article XV; Exh. C at Article XV; Exh. D at

Article XVI; and Exh. E at Article XVI.

B.    The June 27, 2007 XOL Award

By letters dated December 30, 2004 and January 10, 2005,

Global demanded arbitration against Argonaut of "all disputed

issues relating to [Global's] claims for payments of outstanding

retrocessional balances owed to it by Argonaut in connection

with [Global's] commutations with its cedents, the American

International Group Companies ("AIG") and Home Insurance Company

("Home"). By E-mail dated December 31, 2004, Global also

included in its arbitration demand all "balances owed with

respect to the CNA commutation." Miletic Decl., Exhibit F. The

parties later agreed to transfer to this "XOL Arbitration" certain balances that had been the subject of another, then pending arbitration between the parties.

The arbitration proceeded before a three-member Panel comprised of Thomas M. Daly and Richard L. White, as the party-appointed arbitrators for Argonaut and Global, respectively, and Edmond F. Rondepierre, as the Umpire. The arbitration was conducted pursuant to a Confidentiality Order issued by the Panel, which remains in effect. Miletic Decl., Exhibit G. Following discovery, the parties submitted pre-hearing briefs and attended a five-day arbitration hearing, from June 18, 2007 to June 22, 2007.

The Panel issued its Award on June 27, 2007. The Award provides as follows:

# REDACTED

# REDACTED

A copy of the Award is attached to the Miletic Decl. as Exhibit
H.

Following the Award, Argonaut requested and the Arbitration Panel granted, an extension of time in which to notify the Panel and Global whether Argonaut was exercising the election set forth in Paragraph 7 of the Award.  By E-mail dated July 27, 2007, Argonaut elected to pay the amount set forth in Paragraph 7 for commutation balances, thereby nullifying the alternative relief set forth in paragraphs 1, 2, 5 and 6 of the Award. Miletic Decl., Exhibit I.

**ARGUMENT**

**POINT I**

**THE FINAL AWARD SHOULD BE CONFIRMED**

Pursuant to 9 U.S.C. §9, the court "must grant" an order confirming an arbitration award unless the award is vacated, modified or corrected. 9 U.S.C §9.  No grounds exist to disturb the Arbitration Panel's Award of June 27, 2007.  As such, the court should issue an order confirming the XOL Panel's Award.

**POINT II**

**The record in this proceeding should be sealed**

A.    The Parties and Arbitration Panel Relied on the Confidential Nature Of Arbitration Information

Reinsurance arbitrations generally are conducted on a confidential basis; this is one of the reasons why most reinsurance contracts contain arbitration clauses and why most reinsurance disputes are resolved in arbitration rather than through the courts.

The Arbitration Panel recognized these realities when it issued a strict Confidentiality Order governing this matter.  In that Order, the Arbitration Panel not only required that information and documents relating to the arbitration remain confidential, but it expressly found that "serious injury" could

result from any breach of confidentiality and provided a remedy for such a breach:

> The parties recognize that serious injury could result to any party and its business if the other party breaches its obligation under this Order.  Therefore, each party will be entitled to seek a restraining order, injunction or other equitable relief if another party breaches its obligations under this Order in addition to any other remedies and damages that would be available at law or equity.

Miletic Decl., Exh. G at ¶6.

The Confidentiality Order obligates the parties to maintain the confidentiality of arbitration-related information and documents, and requires that, subject to court approval, any such documents or information disclosed to a court be sealed. Further, the parties are directed by the Order to "cooperate with each other in resisting or limiting disclosure" of arbitration-related materials.  Id. at ¶3.  For this reason, Argonaut could not oppose this motion to seal; indeed, Argonaut is obligated by the Order to cooperate in obtaining a sealing order.

Courts in this Circuit generally uphold and apply parties' confidentiality agreements in the arbitration context, recognizing that the maintenance of confidentiality advances the important public policy interest in encouraging alternative dispute resolution.  "There are important policy interest [sic] involved in protecting the expectations of confidentiality

11

belonging to parties who have chosen an alternative means of dispute resolution." Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgt., Inc., 2005 WL 1522783, at *3 (E.D.N.Y. June 28, 2005). The Second Circuit has further explained that "honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage." Gambale v. Deutsche Bank AG 377 F.3d 133, 143 (2d Cir. 2004). These principles apply with even greater force where, as here, the requirement of confidentiality was imposed by an arbitration panel because of the deference that a court must afford to the arbitrators' rulings. See Duferco Intern. Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 389 (2d Cir., 2003) (to interfere with arbitration process "would frustrate the intent of the parties, and thwart the usefulness of arbitration.")

   B.    The Public Has No Interest In These Proceedings, and Global Would Be Harmed by Disclosure of Arbitration Information

The documents that will be filed in this action contain confidential and proprietary information concerning agreements between a reinsurer and its reinsureds and between a reinsurer and its retrocessionaires. The public has no legitimate interest in these documents.

Further, Global will be injured if other reinsureds or retrocessionaires have access to the confidential business

information contained in the documents. For example, these documents include confidential information concerning a commutation and settlements that Global entered into with several of its reinsureds. Because Global is engaged in commutation and settlement negotiations with other reinsureds, the release of any of these documents would compromise those negotiations, causing injury to Global and its retrocessionaires.

      C.    The Panel's Decision to Order that the Arbitration Be Confidential Should Be Implemented by the Court

The Court should order the sealing of all pleadings and papers in this action. This is consistent with the XOL Panel's Confidentiality Order. Miletic Decl., Exhibit G.

In _Dirussa v. Dean Witter Reynolds Inc._, 121 F.2d 818 (2d Cir. 1997), the Second Circuit affirmed an order sealing the entire court file, except for the Court's opinions and orders. In that case, the parties had entered into a confidentiality agreement in the course of an arbitration. The agreement required all papers in any subsequent action to be filed under seal. _Id._ at 826. Here, too, the Confidentiality Order entered by the Arbitration Panel requires that "subject to court approval, ... all submissions of Arbitration Information to a court shall be sealed." Miletic Decl., Exh. G at ¶3. In light of the strong public policy in favor of preserving the

13

confidentiality of arbitration proceedings, the Court should seal the entire file in this action.

**CONCLUSION**

For the foregoing reasons, Global requests that the Petition be granted in all respects, that the Court seal the record in this action, and that the Court render judgment confirming the Award and granting Global such other and further relief as is just and proper.

Dated:    Short Hills, New Jersey
          September 19, 2007
652622w

                         BUDD LARNER, P.C.
                         150 John F. Kennedy Parkway
                         Short Hills, New Jersey 07078
                         (973) 379-4800
                         Attorneys for Petitioner GLOBAL
                         Reinsurance Corporation
                         - U.S. Branch

BY: _____
                    Joseph J. Schiavone (JS 7303)
                    Jeffrey S. Leonard (JL 5931)
                    Ivan V. Miletic (IM 9922)