UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Arbitration Between | Docket No. 07 CV 8196 |
| GLOBAL REINSURANCE CORPORATION -- U.S. BRANCH, | ANSWER OF RESPONDENT ARGONAUT INSURANCE COMPANY TO GLOBAL REINSURANCE CORPORATION'S PETITION TO CONFIRM ARBITATION AWARD |
| Petitioner, | |
| v. | |
| ARGONAUT INSURANCE COMPANY, | **FILED UNDER SEAL** |
| Respondent | |

Respondent Argonaut Insurance Company, ("Argonaut"), by its attorneys, Halloran & Sage LLP, answers the Petition to Confirm Arbitration Award ("Petition") as follows:

## ANSWER

1. Paragraph 1 of the Petition consists of a characterization of the Petition and a legal conclusion to which no response is required.

2. Argonaut is without sufficient information to admit or deny the allegations contained in paragraph 2.

3. Admitted.

4. Paragraph 4 of the Petition is a legal conclusion to which no response is required.

5. Paragraph 5 of the Petition is a legal conclusion to which no response is required; to the extent a response is required Argonaut admits that the amount at issue in the XOL arbitration exceeded $75,000.

6. Paragraph 5 of the Petition is a legal conclusion to which no response is required; to the extent a response is required Argonaut admits that the parties mutually agreed to conduct the XOL arbitration in New Jersey.

7. Paragraph 7 of the Petition is a characterization of the business of reinsurance to which no response is required. To the extent a response is required, the contracts speak for themselves.

8. Paragraph 8 of the Petition is a characterization of the business of reinsurance to which no response is required. To the extent a response is required, the contracts speak for themselves.

9. Argonaut admits that Global and Argonaut entered into several reinsurance contracts under which Argonaut, as retrocessionaire, provides certain reinsurance coverage to Global; those contracts speak for themselves. Argonaut admits that Exhibits A, C, and D to the Declaration of Ivan Miletic are true and correct copies of contracts nos. 4034, 4908, and 4777 respectively. Argonaut denies that Exhibits B and E to the Declaration of Ivan Miletic are true and correct copies of contracts nos. 4603 and 4753, respectively. True and correct copies of these contracts are attached to the Declaration of Dan E. LaBelle (filed herewith) as Exhibits A and B, respectively.

10. Argonaut admits that the quotation contained in paragraph 10 of the Petition or a substantially similar provision appears in each contract referred to in Paragraph 9. Per Argonaut's response to Paragraph 9 above, Argonaut denies that two of the contracts cited to in the Petition are true and correct copies of the contracts and

refers to the copies of the contracts attached to the Declaration of Dan E. LaBelle (filed herewith) as Exhibits A and B.

11. Argonaut admits that the portions of the contracts referenced in paragraph 11 of the Petition are correctly referenced; Argonaut further avers that the contracts speak for themselves. Per Argonaut's response to Paragraph 9 above, Argonaut denies that two of the contracts cited to in the Petition are true and correct copies of the contracts and refers to the copies of the contracts attached to the Declaration of Dan E. LaBelle (filed herewith) as Exhibits A and B.

12. Argonaut admits that the quotation contained in paragraph 12 of the Petition or a substantially similar provision appears in each contract referred to in Paragraph 9; Argonaut further avers that the contracts speak for themselves. Per Argonaut's response to Paragraph 9 above, Argonaut denies that two of the contracts cited to in the Petition are true and correct copies of the contracts and refers to the copies of the contracts attached to the Declaration of Dan E. LaBelle (filed herewith) as Exhibits A and B.

13. Argonaut admits that the quotation contained in paragraph 13 of the Petition or a substantially similar provision appears in the subset of contracts referred to in Paragraph 13; Argonaut further avers that the contracts speak for themselves. Per Argonaut's response to Paragraph 9 above, Argonaut denies that two of the contracts cited to in the Petition are true and correct copies of the contracts and refers to the copies of the contracts attached to the Declaration of Dan E. LaBelle (filed herewith) as Exhibits A and B.

14. Argonaut admits that the copies of the letters referenced in paragraph 14 of the Petition are true and correct copies of those letters, which speak for themselves.

15. Admitted

16. Admitted.

17. Argonaut admits that the Panel issued its Award on June 27, 2007, and that the quotation contained in paragraph 17 of the Petition is an accurate quotation of part of the Award. Argonaut admits that the copy of the Award attached as Exhibit H to the Declaration of Ivan Miletic is a true and correct copy of that document.

18. Denied; Global's characterization of Argonaut's post-award request to the panel and the Panel's response thereto is inaccurate.

19. Argonaut admits only that if elected to pay the amount set forth in paragraph 7 of the award within the time allotted by the arbitration Panel. Argonaut's denies the accuracy of Global's characterization of the award and Argonaut's response thereto.

## Count I

20. Argonaut incorporates its answers to paragraphs 1 through 19 of the Petition herein as if fully set forth.

21. Admitted.

22. Paragraph 22 of the Petition is a legal conclusion to which no response is required.


Dated: Westport, CT

      October 17, 2007

HALLORAN & SAGE LLP


By:  s/ _____

Dan E. LaBelle, DL2779
HALLORAN & SAGE LLP
315 Post Road West
Westport, CT  06880
(T)   (203) 227-2855
(F)   (203) 227-6992
e-mail:  labelle@halloran-sage.com
Counsel for Defendant Argonaut
   Insurance Company

*Of counsel:*
Theresa W. Hajost
Daniel A. Blumenthal
HALLORAN & SAGE LLP
1730 Pennsylvania Avenue, NW
Suite 800
Washington, DC  20006
(T)   (202) 496-9270
(F)   (202) 496-9279