UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ABC,

                        Plaintiff,

     -against-

DEF,
                        Defendant.
------------------------------------------------------------x
------------------------------------------------------------x
ABC,

                        Plaintiff,

     -against-

XYZ,
                        Defendant.
------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-18-08

07 Civ. 8196 (PKC)

MEMORANDUM AND ORDER
ON SEALED SUBMISSIONS

07 Civ. 8350 (PKC)

P. KEVIN CASTEL, District Judge:

       I have been presented with a motion, filed under seal, for the pro hac vice admission of an attorney. The supporting affidavits and certificate of service also are filed under seal. The motion for pro hac vice admission is DENIED.

       These litigations do not relate to a matter of national security, an issue before a grand jury, the rights of a sexual abuse victim or the interests of an infant. As far as I can glean, they are petitions to confirm arbitration awards in proceedings between insurers and/or reinsurers.

       The public's business is done in this courthouse by a district judge whose salary is paid by the public. I can discern no earthly reason why a party's passion for

secrecy should extend to a motion for pro hac vice admission, unless there is some horrible secret about the would-be admittee which it seeks to hide. Because the party seeking the pro hac vice admission sought and obtained the sweeping sealing order, any argument that the "order-made-me-do-it" rings hallow. The party obtained the broad sealing order which it sought; it had the opportunity to seek a more narrowly tailored order.

I have reviewed the submissions purporting to support confidentiality in these cases. They refer to "confidential information concerning commutations and settlements that [ABC] entered into with several reinsureds" and that "[ABC] is currently engaged in commutation and settlement negotiations with other reinsureds. . . ." If such were an adequate basis for sealing, much of the civil docket of this Court would be immune from public scrutiny. Attorney Ivan V. Miletic asserted, under penalty of perjury, that the information annexed to his application for sealing "would be harmful to Constitution [sic]. . . ." How or why this would be so, he does not say.

Let the parties show cause in writing by December 6, 2007 why all submissions in support or opposition to the petitions to confirm arbitration awards ought not be considered judicial documents to which a presumption of public access attaches. United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)("Amodeo I") and Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006). The parties shall also address why any counterbalancing considerations outweigh the presumption. Lugosch, 435 F.3d at 119.

I also order that by December 6 any party seeking to maintain a document under seal submit an affidavit (or affidavits) by a person (or persons) with

knowledge of the facts, i.e. not merely counsel of record, containing the following: (a) identification with particularity (i.e. page and line) the precise information (whether in the party's own submission or that of an adversary) which the party maintains should be kept under seal; (b) demonstrating the particular need for sealing the information; and (c) annexing a proposed redacted page together with the unredacted version for the Court's in camera review.

Absent satisfaction of the standards in Amodeo I and Lugosch, I will not permit "off-the-books" litigation in this public arena.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       November 28, 2007