UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GLOBAL REINSURANCE
CORPORATION—U.S. BRANCH,

                Plaintiff,

                                        07 Civ. 8196 (PKC)

                                        MEMORANDUM AND ORDER
                                        <u>UNSEALING FINAL AWARD</u>

        -against-

ARGONAUT INSURANCE CO.,
                Defendant.
-----------------------------------------------------------x
-----------------------------------------------------------x
GLOBAL REINSURANCE
CORPORATION—U.S. BRANCH,

                Plaintiff,

                                        07 Civ. 8350 (PKC)

        -against-

ARGONAUT INSURANCE CO.,

                Defendant.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        This is a further Order on the sealing of submissions on petitions to confirm arbitration awards in the above actions. This Court's initial Memorandum and Order required the parties to demonstrate why any filings on these petitions ought to remain under seal.  <u>ABC v. DEF</u>, 07 Civ. 8196 (PKC) and <u>ABC v. XYZ</u>, 07 Civ. 8350 (PKC) (S.D.N.Y. Nov. 28, 2007)(citing  <u>United States v. Amodeo</u>, 44 F.3d 141, 145 (2d Cir. 1995)( "<u>Amodeo I</u> ") and <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 119-120 (2d Cir. 2006)).

-2-

In my Further Memorandum and Order on Sealed Submissions, dated January 4, 2008, I concluded that the arbitration awards were judicial documents to which the presumption of access attaches. "Arbitration remains a species of contract and, in the absence of some governing principle of law (<u>e.g.</u> in the regulatory requirements), parties are permitted to keep their private undertakings from the prying eyes of others. The circumstance changes when a party seeks to enforce in federal court the fruits of their private agreement to arbitrate, <u>i.e.</u> the arbitration award." (at p.3.)

Acknowledging that it was a "close question" and that the Court reserved the right to revisit the issue, this Court concluded that balancing the competing considerations against the presumption of access favored the continued sealing of the arbitration awards. "[D]isclosure of the decretal portions of the awards does present the risk that it will impair GlobalRe's negotiating position with other reinsurers and that such interest outweigh the public's right of access." (at p.4.)

Respondent Argonaut Insurance Company has moved this Court to reconsider its ruling and unseal the final arbitration awards. Today, I held a hearing at which I gave Global Reinsurance Corporation-US Branch ("GlobalRe") an opportunity to explain the manner in which the language of the arbitration awards might impair its relationships with retrocessionaires and others participants in the reinsurance industry. GlobalRe did not endeavor to argue that disclosure of any language in the awards would cause it direct or immediate harm. It relied upon its assessment of the danger of a slippery slope that might impair the exchange of information between parties to a reinsurance agreement because of the fear of eventual disclosure. Because such a fear is

not justified as applied to the bare bones relief granted or denied in arbitration preceding, it does not provide an adequate basis to overcome the presumption of access.

The federal policy in favor of arbitration is promoted by permitting one of the principle advantages of arbitration—confidentiality –to be achieved.  In the ordinary course, a petition to confirm or vacate an arbitration award ought not require a court to review all testimony and documentary evidence before the arbitration panel. "Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court," and the court "must grant" the award "unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case,' " D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir.1984) and Barbier v. Shearson Lehman Hutton, Inc., 948 F.2d 117, 121 (2d Cir.1991)). The arbitration award is often a statement of the relief granted or denied without explanation of the arbitrators' reasoning process.  Because it is at the heart of what the Court is asked to act upon, the parties must demonstrate why the presumption of access should be overcome. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d at 119-120. Here, the party seeking to maintain confidentiality has failed to adequately do so.

A final judgment compelling actions under pain of the Court's contempt power is a form of injunction. It ought to place the parties and all readers on notice of that which is required or prohibited  A final judgment which incorporates another document by reference, such as a sealed arbitration award, would run afoul of Rule

65(d)(1)(B) & (C), Fed. R. Civ. P., which requires that every injunction "state its terms specifically" and "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." In circumstances where an arbitration award is confirmed, the public in the usual case has a right to know what the Court has done.

On this record, the motion to reconsider (Docket # 28) is granted and the arbitration awards (Keogh Decl , 07 Civ. 8196 (PKC) at Ex. H; Keogh Decl , 07 Civ. 8350 (PKC) at Ex. J & K) are ordered unsealed.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
April 18, 2008