# HALLORAN & SAGE LLP

ATTORNEYS AT LAW

THERESA W. HAJOST  Direct 202-263-4971  hajost@halloran-sage.com

Admitted in Maryland and Washington, D.C.

**MEMO ENDORSED**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/08

RECEIVED
MAY 23 2008
CHAMBERS OF
P. KEVIN CASTEL
U.S.D.J.

May 22, 2008

**VIA FEDERAL EXPRESS**

Honorable P. Kevin Castel, U.S.D.J.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Room 2260
New York, NY 10007

Re: GLOBAL Reinsurance Corporation – U.S. Branch v. Argonaut Insurance Company
Civil Actions 07-cv-8196 (PKC)

Dear Judge Castel:

Through counsel, Argonaut Insurance Company ("Argonaut") writes to request a pre-motion conference. Argonaut intends to file a cross-motion to confirm the Award in the captioned matter. The purpose of Argonaut's cross-motion is to make certain that there is a pending motion to confirm the arbitration Award filed during the period allowed for confirmation under the Federal Arbitration Act, 9 U.S.C. §1 et seq.

**Procedural Status and Factual Background**

On September 19, 2008, Petitioner Global Reinsurance Corporation – U.S. Branch ("Global") filed a Verified Petition to Confirm Arbitration Award. On October 17, 2008, Respondent Argonaut Insurance Company filed an answer to Global's petition, but did not contest that confirmation of the June 27, 2007 Award was appropriate.

On April 18, 2008 the Court held a hearing regarding whether the arbitration award in this matter and in a companion case (No. 07-cv-8350) should remain under seal. During the hearing the Court inquired whether Global wanted to withdraw its motion for confirmation in this matter. Tr. at 15:5-7. (A copy of the hearing transcript is attached for the Court's convenience.) Global's counsel stated that he did not want to do so at the time of the hearing, however, he did not categorically state that Global would not withdraw its motion to confirm at some point in the future. Tr. at 15:8-19. Argonaut has an interest in having the arbitration award in this matter confirmed and so is bringing a cross-motion in order to protect its interests.

*Handwritten memo endorsement:* Request for pre-motion conference waived for all motions to confirm, vacate or modify arbitration awards in this action. SO ORDERED. /s/ P. Kevin Castel, USDJ 5-27-08

At the hearing on April 18, 2008, Global referenced the motion for clarification it had sent to the former panel members requesting that the former panel clarify a portion of the Award. Global noted that "in the event that the panel decides that they believe they're functus officio and cannot entertain our application, we will then in all likelihood move before your Honor to remand the arbitration to that panel for clarification before the award is confirmed." Tr. at 14:16-20. Global asked the Court to refrain from confirming the Award "until this issue of clarification has run its course." Tr. at 29:19-23. Argonaut stated its position that the award was clear and there was no reason to delay confirmation. Tr. at 22:6-15. The Court agreed to refrain from confirming the Award "for the moment" and requested that the parties notify the Court no later than July 11, 2008 regarding the status of the clarification proceedings. Tr. at 29:24-30:3.

The "clarification proceedings" are now over. On May 13, 2008, Mr. Rondepierre (the former umpire) notified the parties as follows:

> Petitioner Global Reinsurance Corporation requested that the Panel reconstitute itself for the purpose of clarifying its order of the 27th of June 2007. The former panel members discussed the request, reviewed the award, and considered the various submissions of Counsel and concluded that the award is clear and unambiguous and that it contains no error that requires correction. As stated in paragraph 8 of the award, future obligations are extinguished if they arise under the Home, CNA, or AIG contracts that were in issue in this arbitration. If an obligation arises under the contract of some other cedant, or under a contract that was not in issue in this arbitration, it is not affected by paragraph 8 of the award.

Then, on May 15, 2008, Mr. Rondepierre wrote again to the parties to notify them that: "One of the former panel members advises that he made a mistake in approving the notice emailed to you on the 13th of May and he requests that the notice be amended to state that the conclusion reached is the conclusion of a majority of the former panel members." An amended notice followed as well as Mr. White's dissent. Mr. White was Global's party-appointed arbitrator. (The contracts under which the arbitration was conducted provide that a majority decision is binding on the parties. See, e.g., Ex. 1, Article XV to the Declaration of Dan E. LaBelle.)

Honorable P. Kevin Castel, U.S.D.J.
May 22, 2008
Page 3

As the former panel members found clarification to be unnecessary, there is no basis to delay confirmation of the June 27, 2007 arbitration award. Argonaut's cross-motion will preserve its rights with regard to the confirmation of the Award.

                Very truly yours,

                Theresa W. Hajost

twh/tlc
Enclosure

cc:      Dan E. LaBelle, Esq.
         Joseph J. Schiavone, Esq.
         Jeffrey S. Leonard, Esq.
         Ivan V. Miletic, Esq.