UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GLOBAL REINSURANCE CORPORATION -
U.S. BRANCH

       Plaintiff,      07 CIVIL 8196 (PKC)

                **MEMORANDUM OF LAW**
  -against-          **IN SUPPORT OF CROSS-**
                **MOTION TO CONFIRM**
ARGONAUT INSURANCE COMPANY  **ARBITRATION AWARD**

       Defendant
------------------------------------------------------------X

## I.     Introduction

Respondent Argonaut Insurance Company ("Argonaut") files this Memorandum of Law in support of its Cross-Motion to Confirm the final arbitration award issued by the Panel in an arbitration between Argonaut and Global Reinsurance Corporation U.S. Branch ("Global"). The arbitration panel issued its Final Award on June 27, 2007, after an evidentiary hearing. (Declaration of Theresa W. Hajost ¶ 4; (hereinafter "Hajost Declaration" ¶ ---.)) On September 19, 2008, Petitioner Global Reinsurance Corporation – U.S. Branch ("Global") filed a Verified Petition to Confirm Arbitration Award. On October 17, 2008, Respondent Argonaut Insurance Company filed an answer to Global's petition and did not contest that confirmation of the June 27, 2007 Award was appropriate.

On April 18, 2008 the Court held a hearing regarding whether the arbitration awards in this matter and in a companion case (No. 07-cv-8350) should remain under seal. At the hearing on April 18, 2008, Global referenced the motion for clarification it had sent to the former panel members requesting that the former panel clarify a portion of the Award. Global asked the Court to refrain from confirming the Award "until this issue of clarification has run its course." (See Hajost Declaration, Ex. 1 at 29:19-23.) Argonaut stated its position that the award was clear and there was no reason to delay confirmation. (*Id.* at 22:6-15.)

## II.    Procedural Posture/Factual Background

The "clarification proceedings" are now over. On May 13, 2008, Mr. Rondepierre (the former umpire) notified the parties as follows:

> Petitioner Global Reinsurance Corporation requested that the Panel reconstitute itself for the purpose of clarifying its order of the 27th of June 2007. The former panel members discussed the request, reviewed the award, and considered the various submissions of Counsel and concluded that the award is clear and unambiguous and that it contains no error that requires correction. As stated in paragraph 8 of the award, future obligations are extinguished if they arise under the Home, CNA, or AIG contracts that were in issue in this arbitration. If an obligation arises under the contract of some other cedant, or under a contract that was not in issue in this arbitration, it is not affected by paragraph 8 of the award.

(Hajost Declaration, Ex. 2.)

Then, on May 15, 2008, Mr. Rondepierre wrote again to the parties to notify them that: "One of the former panel members advises that he made a mistake in approving the notice emailed to you on the 13th of May and he requests that the notice be amended to state that the conclusion reached is the conclusion of a majority of the former panel members." (Hajost Declaration, Ex. 3.) An amended notice followed as well as the dissent of Mr. White, Global's party-appointed arbitrator. (*Id.*) The contracts under which the arbitration was conducted provide that a majority decision is binding on the parties. *See, e.g.,* Ex. 1, Article XV to the Declaration of Dan E. LaBelle.

### ARGUMENT

### The June 27, 2007 Final Award Must Be Confirmed Under the Provisions of the Federal Arbitration Act

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 9 provides that a district court "must" grant a petition to confirm an arbitration award if it is properly

2

brought within one year of the date of the award, unless it has been vacated, modified or corrected by the court as prescribed in sections 10 and 11 of the FAA. Under 9 U.S.C. § 12, either party had 3 months to file an action to vacate, modify or correct the June 27, 2007 Award. Neither party did so and Argonaut has now cross-moved for confirmation of that Award.

As this Court noted in its April 18, 2008 decision in this matter:

> "Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court," and the court "must grant" the award "unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case,' " D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984) and Barbier v. Shearson Lehman Hutton, Inc., 948 F.2d 117, 121 (2d Cir. 1991)).

2008 U.S. Dist. LEXIS 32419 at pp. 3-4.

At the hearing on April 18, 2008, Global asked the Court to delay confirmation pending the outcome of the motion to clarify that it had filed with the Panel. (Hajost Declaration, Ex. 1. at 29:19-23.) Global's counsel also stated that Global might request the Court to order the panel to clarify the award (Hajost Declaration, Ex. 1. at 21:16-23.), but has now indicated it will not do so in light of the response from the former panel members to Global's motion for confirmation. (Hajost Declaration, Ex. 4.) As the former panel members found clarification to be unnecessary, there is no basis to delay confirmation of the June 27, 2007 arbitration award.

3

The Court has before it the requisite papers on which to issue an order confirming the award given the limited scope of a district court's review of an arbitration award. See, e.g., Smiga v. Dean Witter Reynolds, Inc., 766 F.2d 698, 707 (2d Cir. 1985), cert denied, 475 U.S. 1067 (1986). See also National Bulk Carriers, Inc. v. Princess Management Co., 597 F.2d 819, 825 (2d Cir. 1979)("only 'clear evidence of impropriety' justifies denial of summary confirmation"). Furthermore, both parties have now filed papers requesting the confirmation of the award.

Argonaut respectfully requests that the Court grant its cross-motion and confirm the June 27, 2007 Award.

Dated:  Washington, DC  
   June 26, 2008

Respectfully submitted,

HALLORAN & SAGE LLP

     s/

THERESA W. HAJOST  
(Admitted pro hac vice)  
HALLORAN & SAGE, LLP  
1730 Pennsylvania Avenue, N.W.  
Suite 800  
Washington, DC 20006  
(202) 496-9270  
(202) 496-9279 (Fax)  
hajost@halloran-sage.com

and

DAN E. LABELLE, DL2779  
HALLORAN & SAGE, LLP  
315 Post Road West  
Westport, CT 06880

4

(203) 227-2855  
(203) 227-6992 (Fax)  
labelle@halloran-sage.com

Attorneys for Argonaut Insurance Company

5