**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
GLOBAL REINSURANCE CORPORATION -
U.S. BRANCH

                Plaintiff,                         07 CIVIL 8196 (PKC)

                                        **DECLARATION OF**
           -against-                   **THERESA W. HAJOST**
                                        **IN SUPPORT OF**
ARGONAUT INSURANCE COMPANY          **CROSS-MOTION TO**
                                        **CONFIRM ARBITRATION**
            Defendant                 **AWARD**
-------------------------------------------------------------X

I, Theresa W. Hajost, declare the following to be true under penalty of perjury
and pursuant to 28 U.S.C § 1746:

1. I am an attorney admitted to the bars of the District of Columbia and the

   State of Maryland. I am a partner in the firm of Halloran & Sage, LLP,

   counsel for Respondent/Counter Petitioner, Argonaut Insurance Company

   ("Argonaut"). I am admitted pro hac vice in this matter. I submit this

   Declaration to set before the Court certain facts and true copies of various

   documents in support of Argonaut's Cross Motion to Confirm Arbitration

   Award.

2. Argonaut Insurance Company and Global Reinsurance Corporation – U.S.

   Branch ("Global") entered into certain retrocessional reinsurance

   contracts. Copies of the respective contracts are attached as exhibits to

   the to the Declaration of Ivan V. Miletic filed September 19, 2007 and to

   the Declaration of Dan E. LaBelle filed March 6, 2008.

3. By letters and e-mails dated December 30, 2004, December 31, 2004 and January 10, 2005 Global demanded arbitration for outstanding billings related to the retrocessional treaties. Copies of these demands are attached as Exhibit F to the Declaration of Ivan V. Miletic filed September 19, 2007.

4. Following discovery, an arbitration hearing was held on June 18, 2007 through June 22, 2007 before a three-member panel comprised of party-appointed arbitrators Thomas M. Daly and Richard L. White and umpire Edmond F. Rondepierre, Esq.

5. On June 27, 2007 a final award was issued by the panel. A copy of the final award is attached as Exhibit H to the Declaration of Ivan V. Miletic filed September 19, 2007.

6. Argonaut elected to pay the amount set forth in Paragraph 7 of the Final Award in exchange for the release set forth in Paragraph 8 of the Final Award. Argonaut made its payment in accordance with the provisions of the Final Award.

7. On September 19, 2007 Global filed this action to confirm the June 27, 2007 Final Award. Argonaut did not oppose confirmation of the Final Award and contemporaneously with the filing of this Declaration is cross-moving for confirmation of the Final Award.

8. On April 18, 2008, this Court held oral argument on Argonaut Insurance Company's Application for Reconsideration of the Sealing Motion in this matter and Matter No. 07-cv-8350. During those arguments counsel for

Global stated that Global had filed a motion for clarification with the members of the former arbitration panel on April 17, 2008. Counsel for Global asked the Court to not to confirm the arbitration award until "this issue of clarification has run its course." [Hajost Declaration, Ex. 1 at 29:22-23.] A true and correct copy of the transcript of the April 18, 2008, Oral Argument is attached hereto as Exhibit 1.

9. At that same hearing, Argonaut maintained that the arbitration award did not need clarification and immediate confirmation was appropriate. See Exhibit 1 at page 22.

10. In connection with Global's Motion for Clarification the parties submitted various papers to the former panel members.

11. On May 13, 2008, the former umpire, Edmond F. Rondepierre notified the parties via email that, "The former panel discussed [Global's request for clarification], and reviewed the award and considered the various submissions of Counsel and concluded that the award is clear and unambiguous and that it contains no error that requires correction." A true and correct copy of this email is attached hereto as Exhibit 2.

12. On May 15, 2008, the Mr. Rondepierre notified the parties via email that "one of the former panel members … made a mistake in approving the notice EMAILed to you on the 13th of May." The May 13, 2008 notice was amended to reflect a majority of the former panel members found no need to clarify the arbitration award. The May 15, 2008 email included a dissent

3

by Global's party-appointed arbitrator, Mr. White.  A true and correct copy
of this email is attached hereto as Exhibit 3.

13.  As of the date of this Declaration, the parties have not made any further
submissions to the former panel members nor has either party moved to
vacate, modify, or correct  either the June 27, 2007 award or any of the
communications received from the former panel members during May
2008.

14.  On May 23, 2008, counsel for Global wrote to the Court noting that there
was no reason to delay confirmation of the June 27, 2007 award.  A true
and correct copy of this communication is attached hereto as Exhibit 4.


I declare under penalty of perjury that the foregoing is true and correct.


Executed on June 26, 2008.


_____s/_____

THERESA W. HAJOST
(Admitted pro hac vice)
HALLORAN & SAGE, LLP
1730 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC 20006
(202) 496-9270
(202) 496-9279 (Fax)
hajost@halloran-sage.com

Attorney for Argonaut Insurance
Company


4