## Hajost, Theresa W.

**From:** NANANDED@aol.com
**Sent:** Thursday, May 15, 2008 2:02 PM
**To:** Hajost, Theresa W.; Jleonard@budd-larner.com
**Cc:** deputy@iicil.org; TDCMD@aol.com
**Subject:** Global - Argonaut

One of the former panel members advises that he made a mistake in approving the notice EMAILed to you on the 13th of May and he requests that the notice be amended to state that the conclusion reached is the conclusion of a majority of the former panel members.

An amended notice follows:

**Petitioner Global Reinsurance Corporation requested that the Panel reconstitute itself for the purpose of clarifying it's order of the 27th of June 2007.**

**The former Panel members discussed the request, reviewed the award, and considered the various submissions of Counsel. A majority of the Panel members concluded that the award is clear and unambiguous and that it contains no error that requires correction.**

**As stated in paragraph 8 of the award, future obligations are extinguished if they arise under the Home, CNA, or AIG contracts that were in issue in this arbitration. If an obligation arises under the contract of some other cedant, or under a contract that was not in issue in this arbitration, it is not affected by paragraph 8 of the award.**

Mr. White's dissent is attached:

Global ("Petitioner") requests this Panel to clarify its June 27, 2007 Award (as clarified on July 22, 2007) [the "Award"]. Argonaut ("Respondent") objects, observing that the Panel is functus officio, i.e., its powers are exhausted and it can do nothing more in regard to the subject matter of the arbitration.

Both Petitioner and Respondent agree that an exception to the functus officio doctrine is an ambiguity in the Award. In such an instance the Panel is entitled to clarify its Award to make it complete. A majority of the Panel has concluded that no ambiguity exists in the Award. The performance of the Petitioner and Respondent under the Award, which was communicated to the Panel in the respective motion papers, is indicative of the Award's ambiguity.

It is because of this ambiguity that I would clarify the Award as follows.

The Award decided the issues before the Panel but provided an option to Respondent. Respondent elected to exercise the option and thus was released from any and all future obligations pursuant to the First Excess of Loss Reinsurance Treaty (#4603) ["XOL Treaty"] under contracts between Petitioner and its Home, CNA and AIG cedents that were in issue in the arbitration.

The XOL Treaty provides, among other things, for a retention of $500,000, i.e., an accumulation of payments to cedents of Petitioner that must be absorbed by Petitioner before it may cede losses covered by the XOL Treaty to its retrocessionaires including Respondent. The Award did not reform the XOL Treaty in which Respondent participated. Nothing in the Award reduced or otherwise eliminated payments included in retained amounts of Petitioner.

Wondering what's for Dinner Tonight? Get new twists on family favorites at AOL Food.