```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                                    :
In the Matter of the Arbitration    :
Between:                            :
                                    :
GLOBAL REINSURANCE CORPORATION -    :
U.S. BRANCH,                        :       07 Civ. 8196 (PKC)
                                    :
                      Petitioner,   :
                                    :
          - against -               :
                                    :
ARGONAUT INSURANCE COMPANY,         :
                                    :
                      Respondent.   :
                                    :
_____
```

**MEMORANDUM OF LAW OF PETITIONER GLOBAL REINSURANCE CORPORATION - U.S. BRANCH IN RESPONSE TO THE CROSS-MOTION TO CONFIRM ARBITRATION AWARD DATED JUNE 26, 2008 FILED BY ARGONAUT INSURANCE COMPANY**

```
                              BUDD LARNER, P.C.
                              150 John F. Kennedy Parkway
                              Short Hills, New Jersey 07078
                              (973) 379-4800
                              Attorneys for Petitioner
                              GLOBAL Reinsurance
                              Corporation - U.S. Branch
```

On the Brief:

    Jeffrey S. Leonard
    Ivan V. Miletic

i

**TABLE OF CONTENTS**

                                                                  **PAGE**

TABLE OF AUTHORITIES .................................... ii

INTRODUCTION ............................................. 1

ARGUMENT ................................................. 1

    Global Does Not Oppose Confirmation of the
    Award ............................................... 1

CONCLUSION ............................................... 4

**TABLE OF AUTHORITIES**

**CASES**

Jamaica Commodity Trading Company Ltd. v. Connell Rice & Sugar Co., Inc., 1991 WL 123962, (S.D.N.Y. July 3, 1991) ........................................3

National Union Fire Insurance Co. of Pittsburgh, Pa. v. Belco Petroleum Corp., 88 F.3d 129 (2d Cir. 1996) ........2

**OTHER AUTHORITIES**

Federal Arbitration Act, 9 U.S.C. §1 et seq. ..............3

Federal Arbitration Act, 9 U.S.C. §201 et seq. ............3

## INTRODUCTION

Petitioner GLOBAL Reinsurance Corp. - U. S. Branch ("Global") hereby responds to the Cross-Motion to Confirm Arbitration Award filed on June 26, 2008 by the Respondent Argonaut Insurance Company ("Argonaut"). As stated in Global's letter to the Court dated May 23, 2008, Global's position is that the arbitration award dated June 27, 2007 should be confirmed, as requested in Global's Petition. However, in so doing, Global does not waive its right to have the award construed by another arbitration panel, nor does Global agree with Argonaut's recitation that this matter is governed solely by the Federal Arbitration Act. Whether this matter is governed solely by the Federal Arbitration Act, as apparently argued by Argonaut, or by both the Convention on the Recognition and Enforcement of Foreign Arbitral Awards and the Federal Arbitration Act, as maintained by Global, the award should be confirmed.

## ARGUMENT

### Global Does Not Oppose Confirmation of the Award

In a ruling dated May 13, 2008, the Panel found that the award is "clear and unambiguous and that it contains no error that requires correction" and that "[i]f an obligation arises under the contract of some other cedant, or under a contract that was not in issue in this arbitration, it is not affected by

paragraph 8 of the award." <u>See</u> Exh. 3 to Decl. of Hajost, dated June 26, 2008. In so doing, the Panel did not adopt Argonaut's one-sided view of the award. The Panel essentially left the parties to fight over the effect of the award before another panel.

It is not the function of the Court to interpret the award; rather it is for the arbitrators, in this instance, another arbitration panel, if necessary. <u>See, e.g.</u>, <u>National Union Fire Insurance Co. of Pittsburgh, Pa. v. Belco Petroleum Corp.</u>, 88 F.3d 129 (2d Cir. 1996)(arbitrators, not courts, must decide claims regarding the preclusive effect, if any, of prior arbitration).

Thus, in seeking confirmation and not opposing the cross-motion for confirmation, Global does not waive its right to have the effect of the award determined by another arbitration panel.

In addition, Global does not agree with Argonaut's statement that the time for confirming (or vacating) an award in this matter is governed by Section 12 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §1 <u>et seq</u>. <u>See</u> Argonaut's Memorandum of Law, at pages 2-3.

Because Global is a foreign corporation, organized and existing under the laws of the Germany, confirmation of the award in this matter is governed by the three year time period set forth in the Convention on the Recognition and Enforcement

2

of Foreign Arbitral Awards ("New York Convention"), 9 U.S.C. §201 et seq. See Global's Verified Petition to Confirm Arbitration Award dated September 19, 2007 at paragraphs 2-4; Global's Memorandum of Law in Support of Petition for Confirmation, at pages 2-3; see also Jamaica Commodity Trading Company Ltd. v. Connell Rice & Sugar Co., Inc., 1991 WL 123962, *2-3 (S.D.N.Y. July 3, 1991)(although the FAA applies to the New York Convention to the extent that it is not in conflict, there are notable differences between the two statutes that prevent the FAA's three-month time period for vacatur of an award from applying to the Convention).

Although the parties disagree as to whether this matter is governed by the three year time period set forth in the New York Convention or by the one year period for confirming an award under the FAA, the disagreement is of no consequence here because Global's Petition and Argonaut's Cross-Motion were both filed within one year from the date of the Panel's June 27, 2008 award.

3

## CONCLUSION

Petitioner GLOBAL Reinsurance Corp. - U.S. Branch, requests that the Court confirm the Award dated June 27, 2007, as set forth in Global's Verified Petition to Confirm.

Dated: Short Hills, New Jersey
       July 10, 2008

>                    Respectfully submitted,
>
>                    BUDD LARNER, P.C.
>                    Attorneys for Petitioner
>                    GLOBAL Reinsurance
>                     Corporation - U.S. Branch
>
>                    _____
>                    Jeffrey S. Leonard
>                    150 John F. Kennedy Parkway
>                    Short Hills, New Jersey 07078
>                    (973) 379-4800

683163w

4